**Todd SMITH, Appellant,**

v.

**Marshall B. BROWN, P.C. and Marshall B. Brown, Individually, Appellees.**

No. 01–00–00594–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 31, 2001.

Rehearing Overruled July 11, 2001.

Morris Tabak, Houston, for appellant.

Marshall Brown, Houston, for appellee.

Panel consists of Justices COHEN, JENNINGS, and DUGGAN.*

## OPINION

JENNINGS, Justice.

This is an appeal from a summary judgment rendered in favor of appellees, Marshall B. Brown, P.C. ("Brown, P.C."), and Marshall B. Brown, individually ("Brown"). Appellant, Todd Smith, complains the trial court erred in granting the appellees' motion for summary judgment on the ground that his claims are barred by the doctrine of res judicata. We affirm the judgment.

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

We also hold Smith's appeal is frivolous, and we assess $5000 in damages against Smith pursuant to Rule 45 of the Texas Rules of Appellate Procedure.

### Background and Procedural History

In a prior suit, Smith sought declaratory relief and damages for slander of title from Brown, P.C. because it refused to release judgment liens, and, as a result, Smith was unable to obtain a homestead loan to pay off a debt.[1] The trial court granted Smith declaratory relief by summary judgment, but did not award him damages for slander of title. The judgment of August 9, 1999 provided:

> [T]he motion for final summary judgment of [Smith], brought under the provisions of [the] Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. C., Chapter 37, is hereby granted in part, to the extent and only to the extent that the judgment liens of [Brown, P.C.,] are declared partially released only as to the following real property so long as same constitutes the homestead of [Smith] at the time of *sale or refinancing,* as authorized under the provisions of Vernon's Ann. Tex. Const. Art. 16, § 50:
>
> [description of Smith's homestead]
>
> [T]he motion for final summary judgment of [Brown, P.C.,] is hereby granted in part to the extent that [Smith] take nothing of and from [Brown, P.C.,] other than the afore-declared partial release of [Brown, P.C.'s,] judgment liens only as to the real property homestead of [Smith] at the time of *sale or refinancing* so long as same constitutes the homestead of [Smith] at the time of *sale or refinancing,* as authorized under the provisions of Vernon's Ann. Tex. Const. Art. 16, § 50.

(Emphasis added.) Smith appealed the summary judgment, but abandoned the appeal after filing a second suit, made the basis of this appeal, against the appellees.

The second suit filed by Smith allegedly stemmed from an agreement he entered into on October 4, 1999 to sell his homestead to pay off a debt. The sale was conditioned upon Smith obtaining from Brown, P.C. partial releases of the same judgment liens that Judge Christopher's August 9, 1999 judgment declared partially released at the time of "sale or refinancing." Smith delivered partial releases to Brown, P.C. to sign and return. Brown, P.C. refused, and Smith filed this second suit for slander of title, arising from Brown, P.C.'s refusal to execute the partial releases, and tortious interference with an existing contract.

The appellees answered and alleged various defenses, including res judicata. The appellees counterclaimed for declaratory relief, invoking sections 11.051 and 37.001 of the Texas Civil Practice and Remedies Code, requesting the court to take judicial notice of a prior final judgment and declare Smith a vexatious litigant. The appellees moved for summary judgment based on res judicata.

Smith responded that res judicata did not bar his claims because the prior suit involved Brown, P.C.'s refusal to partially release the judgment liens so that Smith could obtain a homestead loan, whereas this suit involved Smith's attempt to sell his homestead, and Brown, P.C. claiming an interest in his homestead.

The trial court rendered summary judgment for the appellees, declared Smith's claims were barred by res judicata, and ordered that Smith take nothing. The

---

**1.** The cause number of the prior suit is 1999–15726. The presiding judge was Tracey Christopher of the 295th Harris County District Court.

court also declared Smith a vexatious litigant, which Smith does not appeal.[2]

The trial court overruled Smith's motion to vacate the judgment.

## Summary Judgment

We follow the well known standards of review for summary judgment. *See* Tex.R. Civ. P. 166a (c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995); *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

## Res Judicata

■■■ In one point of error, Smith contends the trial court erred by rendering summary judgment for the appellees on the ground that his claims for tortious interference with contract and slander of title are barred by res judicata. Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and could have been litigated in the prior action. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 631 (Tex.1992). The elements of res judicata are a prior, final judgment on the merits by a court of competent jurisdiction; identity of parties or those in privity with them; and a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996). The appellees had the burden to prove conclusively all elements of this affirmative defense. *Dardari v. Texas Commerce Bank Nat'l Ass'n,* 961 S.W.2d 466, 470 (Tex.App.—Houston [1st Dist.] 1997, no pet.).

■■■ Appellees conclusively proved the elements of res judicata. First, the previous judgment was rendered by a court of competent jurisdiction. Second, the parties are identical, except that in this suit Smith has sued Brown individually. Brown, however, is in privity because his interest was represented by Brown P.C. in the prior suit. *See Amstadt,* 919 S.W.2d at 653. Third, Smith's claims against the appellees arise out of the same transaction that was the subject matter of Smith's first suit for slander of title. In that suit, the trial court specifically declared that Brown, P.C.'s judgment liens against Smith's homestead would be partially released upon a sale of the homestead, as long as the property was still Smith's homestead at the time of sale.

Having determined the appellees conclusively proved the necessary elements of res judicata, the burden of proof shifted to Smith to present sufficient evidence to create a fact issue. Smith argues two major differences exist between this suit and the prior suit: (1) Smith did not lose the *sale* of his homestead in the first suit, but was unable to obtain a *homestead loan* because Brown, P.C. was "clouding the title" of his homestead with its judgment liens; and (2) in this suit, Smith brought a cause of action for tortious interference with a contract, whereas the first suit involved declaratory relief to remove the cloud on title and slander of title. Changing the damages sought or the legal theory (numbers one and two above) does not help Smith because neither difference changes the fact that the effect of the judicial liens on any sale of Smith's homestead was adjudicated in the first suit.

---

**2.** We note the appellees' statement of facts referencing Brown's affidavit outlining the history of litigation Smith has initiated against Brown, P.C., and we attach Brown's affidavit as an appendix to this opinion. Smith has not contradicted these facts, and we accept them as true. *See* Tex.R.App. P. 38.1(f).

The August 9, 1999 judgment declares Brown, P.C.'s judgment liens are partially released if the property is Smith's homestead at the time of *"sale* or refinancing" (emphasis added). According to the judgment, the liens were partially released as a matter of law when Smith attempted to sell his homestead two months later. The appellees did not have to do anything else. Specifically, they did not have to sign any document granting Smith a partial release; that was done already, judicially, by the August 9, 1999 judgment. It was not their burden to investigate, determine, and acknowledge later, sometime after October 4, 1999, whether the property was then Smith's homestead. If the property was, then it was Smith's problem to prove that fact to the satisfaction of his buyer, the lender, and the title company. The appellees were under no duty to help Smith do that.

Thus, after taking all evidence favorable to the nonmovant as true and indulging every reasonable inference in favor of the nonmovant, we conclude the appellees have established the right to summary judgment based on the affirmative defense of res judicata.

We overrule the point of error.

### Cross-point Requesting Sanctions for Frivolous Appeal

■ In a single cross-point, the appellees request this Court to sanction Smith for bringing a frivolous appeal. Under Texas Rule of Appellate Procedure 45, we are authorized to award a prevailing party "just damages" if we determine an "appeal is frivolous." TEX.R.APP. P. 45. Rule 45 took effect September 1, 1997, replacing former Rule 84 and broadening our ability to award sanctions.[3] Under former Rule 84, we were authorized to award limited "damages for delay" only if we found "that an appellant ha[d] taken an appeal for delay and *without sufficient cause* " (emphasis added).[4] Courts construed this language to require a finding that the appeal was taken in bad faith. *See Bradt v. West,* 892 S.W.2d 56, 80 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (awarding damages under Rule 84 because the appellants had no reasonable ground to believe the case would be reversed and "the appeal was not taken in good faith.")

This court has continued to impose a "bad faith" requirement even after the new rule took effect. *See Fair Deal Auto Sales v. Brantley,* 24 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (overruling motion for sanctions because there was "no basis for concluding [the appellant] had no reasonable ground to believe that the judgment would be reversed, and brought the appeal in bad faith and solely to delay payment"); *Parker v. State Farm Mutual Auto. Ins. Co.,* 4 S.W.3d 358, 364 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (holding that "the record must clearly show that [the appellant] had no reasonable expectation of reversal, and that he did not pursue [the]

---

**3.** This broadening of our ability to award sanctions for frivolous appeals did not "abridge, enlarge, or modify the substantive rights of a litigant." *See* TEX. GOV'T CODE ANN. § 22.004(a) (Vernon Supp.2001).

**4.** Former Rule 84 provided:
In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its

judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellees as damages against such appellant. If there is no amount awarded to the prevailing appellee as money damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant.

appeal in good faith" to award damages for a frivolous appeal under Rule 45); *Swate v. Crook*, 991 S.W.2d 450, 455 (Tex.App.—Houston [1st Dist.] 1999, pet. denied) (holding damages for a frivolous appeal "will be imposed only if the record clearly shows the [appellant] has no reasonable expectation of reversal, and ... has not pursued the appeal in good faith"); *City of Houston v. Morua*, 982 S.W.2d 126, 131 (Tex.App.—Houston [1st Dist.] 1998, no pet.) (holding that "[a]ppellate sanctions will be imposed only if the record clearly shows the appellant has no reasonable expectation of reversal, and the appellant has not pursued the appeal in good faith"). These cases appear to apply the old test, under former Rule 84 which required bad faith, and do not take note of the new language in Rule 45.

■■■ We hold that bad faith is not required under Rule 45 and disavow language to the contrary in *Fair Deal, Parker, Swate,* and *Morua.* Rule 45 provides,

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

Tex.R.App. P. 45. Under Rule 45, we may award just damages if we objectively determine, after considering "the record, briefs, or other papers filed in the court of appeals", an appeal is frivolous. Tex. R.App. P. 45; *Mid–Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 396–97 (Tex.App.—San Antonio 1999, no pet.); *see* David Lopez, *Why Texas Courts are Defenseless Against Frivolous Appeals: A Historical Analysis With Proposals for Reform,* 48 Baylor L.Rev. 51,

54–55 (1996) (advocating amendment of former Rule 84). The language of former Rule 84, permitting sanctions for frivolous appeals if we determined an appellant had "taken an appeal for delay and without sufficient cause", is not included in Rule 45. Thus, bad faith is no longer dispositive or necessarily even material to deciding whether an appeal is frivolous. *Mid–Continent Cas. Co.*, 2 S.W.3d at 397. The presence of bad faith could be relevant, however, to determine the amount of the sanction.

As we have stated before, " 'The right to appeal is a most sacred and valuable one....' " *Bradt,* 892 S.W.2d at 78 (citations omitted). However,

> [w]e will not permit spurious appeals, which unnecessarily burden parties and our already crowded docket, to go unpunished. Such appeals take the court's attention from appeals filed in good faith, wasting court time that could and should be devoted to those appeals. No litigant has the right to put a party to needless burden and expense or to waste a court's time that would otherwise be spent on the sacred task of adjudicating the valid disputes of Texas citizens.

*Id.* at 79 (citations omitted).

■■■ In applying Rule 45, we continue to exercise prudence and caution and use careful deliberation. *See id.* at 78. Additionally, to objectively determine whether an appeal is frivolous, we continue to look at the record from the viewpoint of the advocate and decide whether he had reasonable grounds to believe the case could be reversed. *See id.*

*Mid–Continent Cas. Co.,* decided by the San Antonio Court of Appeals, is on point with the facts at issue here. 2 S.W.3d at 395. In *Mid–Continent Cas. Co.,* the appellant sued for a declaratory judgment in

Bexar County seeking a determination it owed no duty to defend the appellee in a tort suit. *Id.* Summary judgment was rendered that the appellant was collaterally estopped by a judgment out of Ellis County from re-litigating the duty to defend issue. *Id.* at 396. The appellate court found the appeal to be objectively frivolous and assessed $5,000 damages against the appellant. *Id.* at 397.

Likewise, Smith obtained a declaratory judgment on August 9, 1999 stating that Brown, P.C.'s liens are partially released at the time of "sale or refinancing" of his homestead, and he appealed the trial court's summary judgment denying his claims for damages. Smith subsequently dropped the appeal, and then sued again, alleging damages from the very same liens the trial judge had already partially released upon "sale or refinancing" in the first suit. Smith is a vexatious litigant, as illustrated by Brown's affidavit in the appendix, and he has previously tried and appealed another unmeritorious claim against Brown, which was held barred by collateral estoppel.[5]

After proper notice and having been given a reasonable opportunity for response, Smith's counsel stated in oral argument that he relied on *Tarrant Bank v. Miller,* 833 S.W.2d 666 (Tex.App.—Eastland 1992, writ denied), to avoid the defense of res judicata; he claimed *Tarrant Bank* was a case "on all fours" with this case. Although *Tarrant Bank* does hold, as Smith claims in his brief, that a defendant can be subjected to punitive and actual damages for slander of title, the case sheds no light on the issue of res judicata and does not support his contention that his claims are

not barred by res judicata. *See* 833 S.W.2d at 668.

Therefore, from the record and briefs filed with this court, we conclude Smith's appeal is objectively frivolous. As the court held in *Mid–Continent Cas. Co.,* "No reasonable attorney could fail to conclude this court would uphold the trial court's summary judgment. . . ." 2 S.W.3d at 397. Appellees have proven by affidavit damages of $5,000 in reasonable and necessary attorney's fees. We find this is a just and reasonable amount.

We sustain the cross-point, and we order Smith to pay appellees $5,000 as frivolous appeal damages. All costs are likewise assessed against Smith.

We affirm the judgment.

A majority of the justices of the Court voted to consider the case en banc, and a majority of the justices of the Court voted to disavow language to the contrary in *Fair Deal Auto Sales v. Brantley,* 24 S.W.3d 543, 547 (Tex.App.—Houston [1st Dist.] 2000, no pet.), *Parker v. State Farm Mutual Auto. Ins. Co.,* 4 S.W.3d 358, 364 (Tex.App.—Houston [1st Dist.] 1999, no pet.), *Swate v. Crook,* 991 S.W.2d 450, 455 (Tex.App.—Houston [1st Dist.] 1999, pet. denied), and *City of Houston v. Morua,* 982 S.W.2d 126, 131 (Tex.App.—Houston [1st Dist.] 1998, no pet.).

### APPENDIX

### *AFFIDAVIT OF MARSHALL B. BROWN*

On this day, Marshall B. Brown, appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

---

5. In an unpublished opinion, the Fourteenth Court of Appeals affirmed a summary judgment in Brown, P.C.'s favor, regarding a claim for a suit on account against Smith, holding Smith was barred by collateral estoppel from raising certain affirmative defenses. *See Smith v. Marshall B. Brown, P.C.,* No. 14–98–00996–CV, 1999 WL 966567 (Tex.App.—Houston [14th Dist.] Oct.21, 1999, no pet.) (not designated for publication).

"My name is Marshall B. Brown. I am capable of making this affidavit in support of the position taken by Marshall B. Brown, P.C., and myself, individually, and understand it is to be used in the above case and cause. The facts stated in this affidavit are within my personal knowledge and are true and correct.

1. I am an attorney licensed to practice in the State of Texas. I am employed by Marshall B. Brown, P.C. ("Brown"), and am familiar with the business records of such corporation.

2. Over the past several years, I was retained by and successfully represented Brown in the following matters, commenced and/or maintained or otherwise brought against it by Todd R. Smith and his lawyer, Morris Tabak:

a. Cause No. 677,482; *Todd R. Smith, et al v. Marshall B. Brown, P.C.;* and *maintained to finality by Smith through October 23, 1997,* in the County Civil Court at Law Number Four (4) of Harris County, Texas, wherein judgment was rendered in Brown's favor-issuing sanctions against Smith, and striking his pleading, after awarding Brown an attorney's fee. The judgment is final and adverse to Smith;

b. Cause No. 97–36087; *Todd R. Smith, D.C. v. Marshall B. Brown, P.C.;* and *maintained to finality by Smith through November 21, 1997,* in the 295th Judicial District Court of Harris County, Texas, constituting precisely the same action commenced, and maintained to finality by Smith in item a., above. This Court granted a declaratory summary judgment against Smith, on grounds of res judicata and collateral estoppel; and, this Court awarded Brown $2,000.00 attorney's fees

against Smith. The judgment is final and adverse to Smith;

c. Cause No. 687,841; *Todd R. Smith v. Marshall B. Brown, P.C.;* commenced, prosecuted, and maintained to finality by Smith through final judgment on December 13, 1997, in the County Civil Court at Law Number Three (3) of Harris County, Texas, wherein Smith was represented by Tabak, and declaratory summary judgment was rendered against Smith on res judicata and collateral estoppel; and Brown was awarded $2,000.00 attorney's fees against Smith. The judgment is final and adverse to Smith;

d. Cause No. 693,842; *Marshall B. Brown, P.C. v. Todd R. Smith, a/k/a Todd R. Smith, D.C.;* litigation and civil claims commenced and maintained to finality as of May 27, 1998, by Smith through judgment, in the County Civil Court at Law Number 4 of Harris County, Texas, wherein Smith commenced and maintained his affirmative claim for offset (utilizing all claims set forth in items a., b., and c., above) against Brown's claim for fees, subject to Brown's claim of res judicata; whereupon Smith's claim was denied, and Brown was awarded summary judgment against Smith, together with fees. The judgment was appealed, as set forth below;

e. Case No. 14–98–00996–CV; *Todd R. Smith v. Marshall B. Brown, P.C.;* in the 14th Court of Appeals, Houston, wherein Smith commenced and maintained an appeal from judgment granted against him in the above cause no. 693,842. On *October 21, 1999,* the appellate court affirmed the trial court in all respects; and, *sua sponte,* the appellate court fore-

closed and declared res judicata, invoking collateral estoppel against Smith on all claims made by Smith against Brown. No Motion for Rehearing has been timely filed; and, no Petition for Review has been filed. Mandate to insure compliance by Smith in the payment of costs has been issued by the 14th Court of Appeals; and the above judgment set forth in item d., as well as this appeal, may be considered final.

f. Cause No. 99–15726; **Todd R. Smith, v. Marshall B. Brown, P.C.;** *litigation commenced by Smith on March 29, 1999, and thereafter prosecuted and maintained by Smith,* in the 295th Judicial District Court of Harris County, Texas, alleging precisely the same claims made the basis of Smith's current action. This Court granted summary judgment, on August 9, 1999, declaring Brown's liens partially released as to the real property constituting Smith's homestead; and entered an adverse judgment against Smith as to his claims for slander of title, damages, punitive damages, fees and costs.

3. Over the past several years, after a litigation has been finally determined against Todd R. Smith, he and his lawyer, Tabak, repeatedly relitigate or attempt to relitigate, in propria persona, and otherwise, the validity of the determination against Brown as to whom the litigation was determined, to-wit:

a. Cause No. 677,482; **Todd R. Smith, et al v. Marshall B. Brown, P.C.;** and *maintained to finality by Smith through October 23, 1997,* in the County Civil Court at Law Number Four (4) of Harris County, Texas, wherein judgment was rendered in Brown's favor-issuing sanctions

against Smith, and striking his pleading, after awarding Brown an attorney's fee. The judgment is final and adverse to Smith; nevertheless, Smith commenced the following:

b. Cause No. 97–36087; **Todd R. Smith, D.C. v. Marshall B. Brown, P.C.;** and *maintained to finality by Smith through November 21, 1997,* in the 295th Judicial District Court of Harris County, Texas, constituting precisely the same action commenced, and maintained to finality by Smith in item a., above. This Court granted a declaratory summary judgment against Smith, on grounds of res judicata and collateral estoppel; and, awarded Brown $2,000.00 attorney's fees against Smith. The judgment is final and adverse to Smith;

c. Cause No. 99–15726; **Todd R. Smith, v. Marshall B. Brown, P.C.;** *litigation commenced by Smith on March 29, 1999, and thereafter prosecuted and maintained by Smith,* in the 295th Judicial District Court of Harris County, Texas, alleging precisely the same claims made the basis of Smith's current action. This Court granted summary judgment, on August 9, 1999, in cause 99–15726, declaring Brown's liens partially released as to the real property constituting Smith's homestead; but entered an adverse judgment against Smith as to his claims for slander of title, damages, punitive damages, fees and costs. Despite Brown's liens having been declared released as to Smith['s] real property, he has filed the following:

d. Cause No.1999–54079; **Todd R. Smith, v. Marshall B. Brown, P.C., et al;** *litigation commences by*

*Smith on October 28, 1999,* in the 295th Judicial District Court of Harris County, Texas, alleging precisely the same claims made the basis of Smith's prior action filed under no. 99–15726 in which this Court granted summary judgment, on August 9, 1999.

4. Over the past several years, Todd R. Smith consorted with his associate Gerald Puglisi, and attorney Morris Tabak, to commence and maintain litigation against Brown. I was retained by and successfully represented Brown in the following matters, commenced and/or maintained or otherwise brought against it by Todd R. Smith and his lawyer, Tabak, but in the name of Gerald Puglisi:

a. Cause No. 678,662; *Gerald Puglisi d/b/a Chiropractic Home Rehabilitation, and d/b/a Differential Diagnostic Testing, and d/b/a Puglisi Case Management Services v. Marshall B. Brown, P.C.;* in the County Civil Court at Law Number One (1) of Harris County, Texas, *in consolidation of:*

Cause No. 678,662; *Gerald Puglisi d/b/a Chiropractic Home Rehabilitation v. Marshall B. Brown, P.C.;* in the County Civil Court at Law Number One (1) of Harris County, Texas, and

Cause No. 678,663; *Gerald Puglisi d/b/a Puglisi Case Management Services v. Marshall B. Brown, P.C.;* in the County Civil Court at Law Number One (1) of Harris County, Texas, and

Cause No. 678,664; *Gerald Puglisi d/b/a Differential Diagnostic Testing v. Marshall B. Brown, P.C.;* in the County Civil Court at Law Number One (1) of Harris County, Texas; and

b. The above resulted in a final judgment against Puglisi for discovery abuse, and sanctions and attorney's fees were imposed. Nevertheless, on the heels of that judgment, Smith's lawyer, Tabak, together with Puglisi, commenced and maintained precisely the same action in: Cause No. 97–39859; styled *Gerald Puglisi d/b/a Chiropractic Home Rehabilitation, and d/b/a Differential Diagnostic Testing, and d/b/a Puglisi Case Management Services v. Marshall B. Brown, P.C.;* in the 234th District Court of Harris County, Texas, within hours after judgment was rendered in Brown's favor in the above consolidated cases in County Civil Court at Law No. 1. The 234th District Court granted a declaratory summary judgment against Puglisi on grounds of res judicata and collateral estoppel; and, awarded Brown $2,000.00 attorney's fees against Puglisi. The judgment is final and adverse to Puglisi.

5. Brown made application to appoint a post-judgment receiver in cause no. 677,-482–401; styled *Todd R. Smith, et al v. Marshall B. Brown, P.C.;* in the County Civil Court at Law Number Four (4) of Harris County, Texas, for purpose of collection and marshaling of non-exempt assets of Todd R. Smith, as judgment-debtor and applying those assets as offset to judgments against Smith. On July 19, 1999, Steven L. Weltman, was appointed receiver. A true, conformed copy of that order is attached hereto.

6. On August 18, 1999, two other final judgments against Smith, under cause nos. 687,841–401, and 693,842–401, were consolidated with no. 677,482–401, again for purpose of marshaling and collection of non-exempt assets of judgment-debtor, Todd

R. Smith. A true copy of that order of consolidation is attached.

7. Since that time, on or about September 27, 1999, Puglisi "assigned" to Smith all allegations made the subject of judicial sanctions and adverse rulings issued against Puglisi in 4.a., and b., above. Whereupon, Smith and Tabak then filed litigation against Brown in the guise of a motion to compel production of those very items made the subject of adverse rulings in 4.a., and b., above, as part of Smith's receivership proceeding, in the County Civil Court at Law No. Four (4) of Harris County, Texas, cause no. 677,482; *Todd R. Smith, et al v. Marshall B. Brown, P.C.* In open court and by written motion, on October 14, 1999, Smith and Tabak represented to the Court that the receiver authorized such filings; however, the receiver appeared and announced to the Court that such representations of Smith and Tabak were untrue. The Court denied Smith's motion with prejudice on October 14, 1999.

8. Mr. Weltman has recently reviewed the pleading filed by Todd R. Smith in this instant lawsuit, relating to the representations of Smith and his attorney, Tabak, that Mr. Weltman has '*agreed that the Court did not authorize, nor in accordance with Tex. Civ. Prac. & Rem.Code Section 31.002(3)(f) ... could he claim an equity position in [Smith's] homestead.*' Such is a blatant fabrication of the truth to this Court, and a gross misstatement and misrepresentation of fact and of Welman's position, as evidenced by Weltman's affidavit attached hereto.

9. Clearly, the instant lawsuit filed by Smith and his lawyer Tabak is naught but a continuation of vexatious litigation against Brown; an egregious affirmative act; a violation of Rule 13, Tex.R.Civ.P., and Rule 11, Fed.R.Civ.P., in that their pleading is groundless, and filed purposefully and blindly either in bad faith or for the purposes of harassment.

10. Further affiant saith not."

[Signature]
MARSHALL B. BROWN