Opinion of January 15, 2004 Withdrawn, Dismissed and Corrected
Memorandum Opinion filed March 25, 2004













Opinion of January 15, 2004
Withdrawn, Dismissed and Corrected Memorandum Opinion filed March 25, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01210-CV

____________

 

JOHN HATTON,
Appellant

 

V.

 

DANIEL GRIGAR,
Appellee

 



 

On Appeal from the
268th District Court

Fort Bend County, Texas

Trial Court Cause No.
98,376

 



 

C O R R E C T E D  M E M O R A N D U M   O P I N I O N

Our opinion of January 15, 2004 is withdrawn and issue the
following opinion in its place to correct a typographical error.  








This dispute between neighboring land owners has a long
history.  In 1997, appellee sought a declaratory
judgment that a gravel road adjacent to appellant=s property was a public easement
necessary for ingress and egress to appellee=s property.  Following a bench trial, the court entered a
judgment on June 23, 2000, declaring the road a public easement and awarding
attorney=s fees to appellee.  On appeal to this Court, we affirmed the
judgment by opinion issued January 17, 2002. 
Hatton v. Grigar, 66 S.W.3d 545 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  Appellee then sought and obtained
a permanent injunction signed December 20, 2002, prohibiting appellant=s interference with access to the
public easement. 

Appellant subsequently filed a petition for Chapter 13
bankruptcy protection.[1]  By order signed May 21, 2003, the bankruptcy
court lifted the stay to permit appellee to enforce his judgment against
appellant over access to the subject easement. 
Appellant then appealed the order lifting the stay, and that appeal was
dismissed on July 28, 2003 for failure to designate a record or file a brief
according to the requirements of the bankruptcy rules.[2]  

On August 23, 2003, appellee moved to hold appellant in
contempt for failure to comply with the December 20, 2002 injunction.  Although personally served, appellant did not
appear for the show cause hearing, and the trial court issued a writ of
attachment.  On September 10, 2003,
appellant filed a special appearance in this action, asserting the trial court
could not proceed because of his bankruptcy filing.  Appellant also unsuccessfully attempted to
have the bankruptcy court stay the state court proceedings.  The trial court entered an order of contempt
on October 10, 2003, suspending commitment, but fining appellant $1,000 per day
until all obstructions across the easement are removed.  Appellant filed a notice of appeal from that
order.  On October 24, 2003, the trial
court modified its contempt order to reduce the fine to $500 per day.  

Decisions in contempt proceedings cannot be reviewed on
appeal because contempt orders are not appealable, even when appealed along
with a judgment that is appealable.  Metzger
v. Sebek, 892 S.W.2d 20, 55 (Tex. App.CHouston [1st Dist.] 1994, writ
denied).  Accordingly, on November 6,
2003, notification was transmitted to all parties of the Court=s intent to dismiss the appeal for
want of jurisdiction.  See Tex. R. App. P. 42.3(a).  








Appellant filed a response to the Court=s notice, but his response fails to
demonstrate we have jurisdiction to entertain the appeal.  Appellant argues that he is attempting to
appeal an order denying his special appearance, which may be appealed by
accelerated interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(a)(7) (Vernon Supp. 2003).  There is no order denying appellant=s special appearance in the record
before this Court.  Appeals may be taken
only from signed orders.  See Tex. R. App. P. 26.1.  Moreover, a special appearance must be made
by a sworn motion filed prior to any other plea, pleading, or motion that seeks
affirmative relief.  Tex. R. Civ. P. 120a(1), (2); Dawson‑Austin
v. Austin, 968 S.W.2d 319, 323 (Tex. 1998).  Thus, a special appearance is inappropriate
in a post-judgment proceeding.

On December 4, 2003, appellee filed a response arguing
appellant=s special appearance was frivolous
and pointing out that appellant failed to request a hearing on the motion or
present an order for the trial court=s signature.  Appellee asserts that this appeal is
frivolous and requests that this Court impose sanctions against appellant
pursuant to Texas Rule of Appellate Procedure 45.  Rule 45 provides:

If the court of appeals determines that an appeal is
frivolous, it may‑on motion of any party or on its own initiative, after
notice and a reasonable opportunity for response‑award each prevailing
party just damages.  In determining
whether to award damages, the court must not consider any matter that does not
appear in the record, briefs, or other papers filed in the court of appeals.

Tex. R. App. P. 45.  Appellant
has not responded to appellee=s motion for sanctions.

The decision to award sanctions is a matter within our
discretion, which we exercise with prudence and caution after careful
deliberation.  Bridges v. Robinson,
20 S.W.3d 104, 115 (Tex.
App.CHouston [14th Dist.] 2000, no
pet.).  In applying the test for
objectively determining whether an appeal is frivolous, we review the record
from the viewpoint of the advocate and decide whether he had reasonable grounds
to believe the case could be reversed.  Smith
v. Brown, 51 S.W.3d 376, 381 (Tex. App.CHouston [1st Dist.] 2001, pet.
denied).  








The right to appeal is a most sacred and valuable one.  Bradt v. West, 892 S.W.2d 56, 78 (Tex.
App.CHouston [1st Dist.] 1994, writ
denied).  However, as our sister court
has acknowledged, 

[w]e will not permit spurious appeals, which
unnecessarily burden parties and our already crowded docket, to go
unpunished.  Such appeals take the
court's attention from appeals filed in good faith, wasting court time that
could and should be devoted to those appeals. 
No litigant has the right to put a party to needless burden and expense
or to waste a court=s time that would otherwise be spent on the sacred
task of adjudicating the valid disputes of Texas citizens.

Id. at 79.

After considering the record and papers on file with this
Court, we agree that this appeal is frivolous. 
We find appellant had no reasonable grounds to believe the case could be
reversed.  See Smith, 51 S.W.3d at
381.  Under rule 45, we award sanctions
to appellee against appellant and his appellate attorney, jointly and
severally, in the amount of $1,000.00. 

Accordingly, the appeal is ordered dismissed.

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Corrected Memorandum Opinion filed March 25, 2004.

Panel consists of Chief Justice Hedges and Justices
Frost and Guzman.











[1]  In re John
Hatton, No. 02-45415-H3-13, in the United States Bankruptcy Court for the
Southern District of Texas, Houston
Division.  





[2]  In re John
Hatton, No. H-03-02111, in the United States
District Court for the Southern District of Texas, Houston Division.