# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===

## NO. 03-07-00376-CV

===

**Elizabeth Louise Handley, Appellant**

**v.**

**Marian C. Bloss, Appellee**

===

## FROM THE COUNTY COURT AT LAW NO. 1 OF BURNET COUNTY
## NO. C3206, HONORABLE W. R. SAVAGE, JUDGE PRESIDING

===

## C O N C U R R I N G   O P I N I O N

I concur in the judgment to affirm the trial court's summary judgment ruling in favor

of appellee Marian Bloss.[1]  I write separately to address Bloss's motion for damages pursuant to rule

45 of the rules of appellate procedure.  *See* Tex. R. App. P. 45.  Bloss urges that Handley's appeal

is frivolous and that damages are warranted pursuant to rule 45 because:  (i) Handley waived her

points of error by failing to raise them with the trial court, (ii) Handley has no reasonable expectation

of reversal, (iii) Handley's brief is technically and substantively deficient, (iv) Handley appeals for

the purpose of delay, (v) Handley failed to respond to the motion for damages to this Court, and

---

[1]  Bloss brought suit against Handley, alleging that Handley had failed to pay Bloss for legal services that Bloss provided to Handley.  After a hearing, the trial court granted Bloss's motion for summary judgment pursuant to rule 166a(c) of the rules of civil procedure and rendered final summary judgment awarding $9,338.23 plus interest and attorney's fees.  *See* Tex. R. Civ. P. 166a(c).

(vi) Handley failed to file a supersedeas bond. For the reasons that follow, I conclude that Elizabeth Handley's appeal was not frivolous and that damages are not warranted.

Rule 45 permits an appellate court to award a prevailing party "just damages" for "frivolous appeals." Tex. R. App. P. 45[2]; *Smith v. Brown*, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). In determining whether an appeal is frivolous, this Court applies an objective test. *Smith*, 51 S.W.3d at 381. We review the record from the viewpoint of the advocate and ask whether the advocate had reasonable grounds to believe the judgment could be reversed. *Id*. Whether to grant sanctions for a frivolous appeal is a matter within this Court's discretion, but we are to exercise our discretion with caution and prudence, and only after careful deliberation. *Id.*; *see also Conseco Fin. Servicing v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 676 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("Although imposing sanctions [damages under rule 45] is within our discretion, we will do so only in circumstances that are truly egregious."). In this context, I turn to Handley's asserted grounds for the award of damages pursuant to rule 45.

It is undisputed that Handley failed to raise her points of error with the trial court; Handley did not file a response to Bloss's motion for summary judgment. *See* Tex. R. Civ. P. 166a(c). The failure to file a response with the trial court, however, is not dispositive.

---

[2] Rule 45 provides:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

Tex. R. App. P. 45.

*See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).  In *Rhone-Poulenc*, the supreme court explained the challenge that a nonmovant may make on appeal to a summary judgment ruling pursuant to rule 166a(c) when the nonmovant did not file a response with the trial court:

> Summary judgments must stand on their own merits.  Accordingly, on appeal, the nonmovant need not have answered or responded to the motion to contend that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. . . .  On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

*Id*. (internal citations omitted).  And in *Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979), the court stated:  "While it would be prudent and helpful to the trial court for the non-movant always to file an answer or response, the non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment."

To be entitled to summary judgment on her claim that Handley owed her for legal services, among the elements that Bloss had to conclusively establish was the amount of the debt owed—that Handley owed her $9,338.23—or, stated differently, that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law as to the amount owed. *See* Tex. R. Civ. P. 166a(c). Bloss supported her motion by her own affidavit with attachments that included the fee schedule and fee agreement between Bloss and Handley, copies of checks Handley made against her account, billing statements, and two demand letters.

In her points of error, Handley does not dispute that she owes a debt to Bloss for legal services provided; rather, she challenges the trial court's finding as to the actual amount owed.  The

3

substance of her first point of error challenges the sufficiency of Bloss's evidence to support this element. Handley focuses on the inconsistency between Bloss's averment that the principal balance owed was $9,338.23 and Bloss's billing statements that reflect the total amount owed to be $6,138.23 and her demand letter dated October 28, 2006, that states that the "Debt/Original Principal" is $6,138.23. Handley also urges that "[t]he trial court erred in granting summary judgment for [Bloss] because [Bloss]'s summary judgment evidence presented fact issues" and summarizes her argument to be that Bloss's "summary judgment evidence is inconsistent and presents fact issues to be determined by the trier of fact." Because Handley challenges the sufficiency of Bloss's evidence to support summary judgment as to the actual amount owed, I cannot conclude that Handley's failure to raise her points of error with the trial court supports an award of damages under rule 45. *See Clear Creek Basin Authority*, 589 S.W.2d at 678.

I also cannot conclude that Handley's attorney did not have reasonable grounds to believe the judgment could be reversed. *See* Tex. R. Civ. P. 166a(c); Tex. R. App. P. 45; *Smith*, 51 S.W.3d at 381. When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Rhone-Poulenc*, 997 S.W.2d at 223. Although Bloss's explanation in her affidavit for the inconsistencies in the evidence as to the amount owed "could have been readily controverted," the billing statements and her October demand letter are inconsistent with her affidavit, and her billing statements contain no explanation for the reduction in hours charged.[3]

---

[3] In her affidavit, Bloss explains the inconsistency by characterizing the amount of $6,138.23 as a "discounted payoff amount"; her billing statements reflect that she discounted the hours that she charged to Handley, and the amount of $9,338.23 reflects the balance of

4

*See* Tex. R. Civ. P. 166a(c) (summary judgment may be based upon "uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted").

Moreover, given the limited nature of the controversy, I cannot conclude that Handley's brief is so technically or substantively deficient to support an award of damages under rule 45.  *See* Tex. R. App. P. 38.1; 45; *Conseco Fin. Servicing*, 78 S.W.3d at 676 (damages under rule 45 should be imposed "only in circumstances that are truly egregious").  Handley's brief contains the categories of information required under rule 38.1 of the rules of appellate procedure, references the summary judgment evidence, includes the summary judgment evidence as an appendix to the brief, and provides authority, albeit unpersuasive, to support her points of error.

In her remaining grounds, Bloss asserts that damages are warranted because Handley appealed for the purpose of delay, failed to respond to Bloss's motion for damages to this Court, and failed to post a supersedeas bond.  The procedural background of Handley's appeal is relevant to these grounds:

- In April 2007, Handley filed her notice of appeal.

- On September 11, 2007, Bloss filed a motion to dismiss Handley's appeal and motion for damages in the amount of $1,270 under rule 45, contending that Handley was pursuing the appeal solely for delay.

---

$6,138.23 plus $3,200.00, the value of the discounted hours.  In her second point of error, Handley contends that the rescission of the discounted amount of $3,200.00 for failure to pay was an unenforceable penalty.  I agree with Justice Puryear's opinion that Handley waived her second point of error by failing to raise it with the trial court.

5

- On September 24, 2007, this Court granted Handley's motion for extension of time to file her brief, and Handley filed her appellant brief.

- On October 10, 2007, this Court overruled Bloss's motion to dismiss and for damages by postcard without a response by Handley to the motion.

- On October 24, 2007, Bloss filed her appellee brief, reasserting her motion to dismiss for failure to prosecute and motion for damages under rule 45.

Given this Court's actions during the pendency of this appeal, these grounds do not support the award of damages under rule 45. *See Smith*, 51 S.W.3d at 380 (whether to award damages within appellate court's discretion).

Because I conclude that Handley's appeal does not warrant damages under rule 45, I concur in the judgment to affirm the trial court's summary judgment ruling in favor of Bloss and write separately to address the award of damages by this Court pursuant to rule 45.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed:  February 5, 2010