# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00363-CV

**Leslie Durio Pool, Appellant**

**v.**

**Danae Durio Diana, Appellee**

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. 85,839, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## CONCURRING AND DISSENTING OPINION

I concur in the majority's judgment affirming the summary judgment rulings in favor of appellee Danae Durio Diana and the trial court's sanctions against appellant Leslie Durio Pool and her attorneys, Joe Pool and Peter Ferraro. I respectfully dissent to the portion of the judgment awarding $30,000 as penalties on appeal. *See* Tex. R. App. P. 45.

Without citing authority or reasons independent of those cited by the trial court and apparently relying upon the trial court's conclusions below, the majority imposes $30,000 as "penalties" against Pool for bringing this appeal. It does not follow that imposition of sanctions on appeal automatically flows from sanctions below. *See Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 488 (Tex. App.—Houston [14th Dist.] 1996, no writ) (although "some merit to the arguments for appellant's sanctions," court "refuse[d] to grant further sanctions in the firm belief that those already assessed have accomplished their dual purpose: present punishment for, and

future prevention of, such conduct"); *Hawkins v. Estate of Volkmann*, 898 S.W.2d 334, 347 (Tex. App.—San Antonio 1994, writ denied) (attorney "well within his rights" to appeal sanctions against him pursuant to rule 13).

Under rule 45 of the rules of appellate procedure, this Court has discretion to award "just damages" if we determine that an appeal is frivolous. *See* Tex. R. App. P. 45. Rule 45 provides:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

*Id*. This Court, however, should award damages "only in circumstances that are truly egregious." *See Conseco Fin. Servicing v. Klein Indep. Sch. Dist*., 78 S.W.3d 666, 676 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("Although imposing sanctions [damages under rule 45] is within our discretion, we will do so only in circumstances that are truly egregious."); *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) ("In applying Rule 45, we continue to exercise prudence and caution and use careful deliberation."). Given that the right to appeal is a "most sacred and valuable one," I would not exercise this Court's discretion to grant appellee's motion for penalties on appeal. *See Smith*, 51 S.W.3d at 381 (citation omitted).

Because I would conclude that on this record this appeal does not warrant damages under rule 45, I concur in the judgment to affirm the trial court's summary judgment rulings and the

sanctions against Leslie Pool and her attorneys, but I respectfully dissent to the remainder of the judgment awarding "penalties" for this appeal.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: March 24, 2010