TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00363-CV






Leslie Durio Pool, Appellant


v.


Danae Durio Diana, Appellee






FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY

NO. 85,839, HONORABLE GUY S. HERMAN, JUDGE PRESIDING



 

C O N C U R R I N G A N D D I S S E N T I N G O P I N I O N



 I concur in the majority's judgment affirming the summary judgment rulings in favor
of appellee Danae Durio Diana and the trial court's sanctions against appellant Leslie Durio Pool and
her attorneys, Joe Pool and Peter Ferraro. I respectfully dissent to the portion of the judgment
awarding $30,000 as penalties on appeal. See Tex. R. App. P. 45. 

 Without citing authority or reasons independent of those cited by the trial court and
apparently relying upon the trial court's conclusions below, the majority imposes $30,000 as
"penalties" against Pool for bringing this appeal. It does not follow that imposition of sanctions on
appeal automatically flows from sanctions below. See Delgado v. Methodist Hosp., 936 S.W.2d 479,
488 (Tex. App.--Houston [14th Dist.] 1996, no writ) (although "some merit to the arguments
for appellant's sanctions," court "refuse[d] to grant further sanctions in the firm belief that
those already assessed have accomplished their dual purpose: present punishment for, and
future prevention of, such conduct"); Hawkins v. Estate of Volkmann, 898 S.W.2d 334, 347
(Tex. App.--San Antonio 1994, writ denied) (attorney "well within his rights" to appeal sanctions
against him pursuant to rule 13). 

 Under rule 45 of the rules of appellate procedure, this Court has discretion to
award "just damages" if we determine that an appeal is frivolous. See Tex. R. App. P. 45. 
Rule 45 provides:

 

 If the court of appeals determines that an appeal is frivolous, it may--on motion of
any party or on its own initiative, after notice and a reasonable opportunity for
response--award each prevailing party just damages. In determining whether to
award damages, the court must not consider any matter that does not appear in the
record, briefs, or other papers filed in the court of appeals.



Id. This Court, however, should award damages "only in circumstances that are truly egregious." 
See Conseco Fin. Servicing v. Klein Indep. Sch. Dist., 78 S.W.3d 666, 676 (Tex. App.--Houston
[14th Dist.] 2002, no pet.) ("Although imposing sanctions [damages under rule 45] is within our
discretion, we will do so only in circumstances that are truly egregious."); Smith v. Brown,
51 S.W.3d 376, 381 (Tex. App.--Houston [1st Dist.] 2001, pet. denied) ("In applying Rule 45, we
continue to exercise prudence and caution and use careful deliberation."). Given that the right to
appeal is a "most sacred and valuable one," I would not exercise this Court's discretion to grant
appellee's motion for penalties on appeal. See Smith, 51 S.W.3d at 381 (citation omitted).

 Because I would conclude that on this record this appeal does not warrant damages
under rule 45, I concur in the judgment to affirm the trial court's summary judgment rulings and the
sanctions against Leslie Pool and her attorneys, but I respectfully dissent to the remainder of the
judgment awarding "penalties" for this appeal. 




 __________________________________________

 Jan P. Patterson, Justice


Before Justices Patterson, Pemberton and Waldrop


Filed: March 24, 2010