Opinion issued October 6, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00061-CV

———————————

George Ackel, III, Alana Ackel TALLO, ADAM ACKEL, and Alexander
Ackel, Appellants

V.

Jerilyn Lee
Ackel, Appellee



 



 

On Appeal from the Probate Court Number 1

Harris County, Texas



Trial Court Case No. 393941

 



 

MEMORANDUM OPINION

          In
this attempted appeal from an interlocutory order, appellants, George Ackel,
III, Alana Ackel Tallo, Adam Ackel, and Alexander Ackel (collectively, “the
Ackels”), challenge the trial court’s Order for Contempt and for Monetary
Sanctions entered against them and in favor of appellee, Jerilyn Lee Ackel.  In two issues, the Ackels contend that the
trial court erred in sanctioning them for not producing to Jerilyn Lee Ackel
certain documents and “not giving full faith and credit to the injunctions of [the]
state of Louisiana,” which, they assert, prohibited them from producing the
documents.

          We
dismiss the appeal.   

Background

          In
its January 6, 2011 Order for Contempt and for Monetary Sanctions, the trial
court found that the Ackels had violated its prior orders compelling them to
produce certain documents to Jerilyn Lee Acke and ordered the Ackels to
“completely and fully respond” to Jerilyn Lee Ackel’s discovery requests,
including requests for production, requests for disclosure, and
interrogatories, by January 10, 2011. 
The trial court also ordered the Ackels to pay $5,000 in attorney’s fees
and expenses to compensate Jerilyn Lee Ackel for filing her Motion to Show
Cause for Contempt and for Monetary Sanctions.  These sanctions were in addition to monetary
sanctions that the trial court had previously imposed.  In their notice of appeal, the Ackels appealed
this order, and in their notice they contend that this appeal constitutes an
accelerated, interlocutory appeal because the trial court’s order “involv[es]
[the trial court’s failure] to enforce a TRO and preliminary injunction.” 

Jurisdiction

          Jerilyn
Lee Ackel has filed a motion to dismiss the appeal, noting that the Ackels are
appealing an interlocutory discovery and monetary sanctions order, there has
been no final judgment or order entered in the case, and there is no basis on
which the Ackels can pursue an interlocutory appeal of the sanctions
order.  In response, the Ackels argue
that this Court has jurisdiction over this appeal because the trial court
effectively “denied the efficacy” of a Louisiana court’s temporary restraining
order and preliminary injunction, which, the Ackels assert, prohibit them from
producing the documents that were sought by Jerilyn Lee Ackel. Quoting the Texas
Civil Practice and Remedies Code, the Ackels note that a person may appeal from
an interlocutory order that “grants or refuses a temporary injunction or grants
or overrules a motion to dissolve a temporary injunction.”  Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008).  The Ackels concede that the trial court did
not “directly” grant or deny injunctive relief, but they assert that their
appeal of the sanctions order falls within the scope of section 51.014(a)(4).

          Generally,
appeals may be taken only from final judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if
permitted by statute.  Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 352 (Tex. 2001).  The Ackels’
appeal does not constitute an appeal of an order that “grants or refuses a
temporary injunction or grants or overrules a motion to dissolve a temporary
injunction” as contemplated by section 51.014(a)(4).  The trial court’s discovery and sanctions
order is not one of the types of other enumerated orders that may be challenged
by interlocutory appeal.  See id. § 51.014.  Moreover, the Ackels’ factual assertions that
they are prohibited from complying with a portion of the trial court’s
discovery and sanctions order as a result of orders entered by a Louisiana
court are not supported by the record.   Thus,
there is no basis on which the Ackels may pursue an interlocutory appeal of the
trial court’s January 6, 2011 discovery and sanctions order.  Accordingly, we hold that we lack
jurisdiction over this appeal.

Frivolous Appeal

          In a
cross-point, Jerilyn Lee Ackel contends that the Ackels’ appeal is frivolous
and she requests that we award her “just damages” in the amount of $3,500.  See
Tex. R. App. P. 45 (damages for
frivolous appeals in civil cases).   She
asserts that it is “clear” that the trial court’s discovery and sanctions order
cannot be challenged with an interlocutory appeal, the Ackels’ briefing is
“woefully deficient, incoherently argued, and in abject non-compliance” with
the Texas Rules of Appellate Procedure, and the Ackels’ “full faith and credit
argument” is “improperly briefed” and was “not raised in the trial court.”  She further asserts that the “frivolous
nature of this appeal” is “patent” and that “no reasonably informed lawyer”
would have pursued it.  

After considering the record,
briefs, and other papers filed in this Court, we may award a prevailing party “just
damages” if we objectively determine that an appeal is frivolous.  Tex. R.
App. P. 45; Smith v. Brown, 51
S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  An appeal is frivolous when the record, viewed
from the perspective of the advocate, does not provide reasonable grounds for
the advocate to believe that the case could be reversed.  Smith,
51 S.W.3d at 381.  The decision to grant
appellate sanctions is a matter of discretion that an appellate court exercises
with prudence and caution and only after careful deliberation.  Id.  

Although we conclude that the
Ackels’ arguments ignore the plain language of section 51.014 and are
misguided, we decline to impose sanctions under the circumstances presented.

Conclusion

          We
dismiss this appeal for lack of jurisdiction.

 

 

                                                                    Terry Jennings

                                                                   Justice 

 

Panel
consists of Justices Jennings, Sharp, and Brown.