ACCEPTED
01-14-01030-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/13/2015 7:39:19 AM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-01030-CV

IN THE
FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/13/2015 7:39:19 AM
CHRISTOPHER A. PRINE
Clerk

**TARRIS WOODS**
**-**_Appellant-_

VERSUS

**SANDRA T. KENNER AND CHARLES E. TWYMON, JR.**
_-Appellee-_

On Appeal from the
Probate Court of Galveston County
Trial Court Case No. PR-0075144
Hon. Kimberly Sullivan, Presiding

---

### APPELLANT'S RESPONSE TO APPELLEE'S
### MOTION FOR DAMAGES

---

Douglas T. Godinich
Attorney at Law
SBN: 24007244
2727 Broadway
Galveston, Texas 77550
(409) 763-2454 (telephone)
(409) 736-4309 (facsimile)
Attorney for Appellant
**Tarris Woods**

1

**TO THE HONORABE JUSTICES OF SAID COURT:**

Appellant Tarris Woods asks the Court to deny appellee's motion for damages.

## A. INTRODUCTION

1. Appellant is Tarris Woods; Appellee is Sandra Kenner.

## B. ARGUMENT & AUTHORITIES

2. Although the Court has the authority under Texas Rule of Appellate Procedure 45 to impose damages against a party for filing a frivolous appeal, this is not a case in which the Court should do so.

3. An appealing party cannot be sanctioned for filing a frivolous appeal unless the party had no reasonable belief that the judgment could be reversed. Damages are appropriate only in "truly egregious" circumstances. *City of Houston v. Precast Structures Inc.*, 60 S.W.3d 331, 340 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

4. The motion for damages should be denied because appellant:

4(a).    Appellant filed his objections to the findings of facts and conclusion of law with the trial court on December 18, 2014. (CR: 64-67)The challenged issues under this case number is outlined in number six (6) which states:

> "Charles E. Twymon Jr., was appointed as a co-independent administrator… [C]harles E. Twymon, Jr., received consideration from the movant for the sale of the property as a court appointed administrator and the sale was approved by this court."

4(b).    Appellant filed his objections to the findings of facts with the trial court on December 18, 2014 under case number 01-14-01029-CV (CR: 97-100). The challenged issues in that case is outlined in number four (4) which states:

> "The proposed findings of fact submitted by Mr. McQuage fails in part based on the fact that the findings makes little or no mention about the heirship proceedings or basis for vacating the Appointment of Administrators"

Appellee cites the case of *Heard v. City of Dallas*, 456 S.W.2d 440, 445 (Tex. Civ. App. 1970), writ refused N.R.E. (Oct. 7, 1970) which states: 'Rule 298 contemplates that the request for further additional or amended findings shall specify the further additional

or amended findings that the party making the request desires the trial court to make and file.'

Appellant therefore complied by specifying the additional or amended findings as outlined above.

4(c). Appellee next makes the argument that Appellant moved this court to enjoin the continuation of Appellee's Sandra Kenner's lawsuit to recover damages arising from the Appellant for withholding possession of their jointly owned property and "offered nothing to invoke this Court's power to preserve its appellate jurisdiction…"

4 (d). The Order Probating Last Will and Testament as a Muniment of Title (CR:38-39) states that

"On this day came on to be heard the Application filed herein by Charles E. Twymon, Jr., and Sandra T. Kenner…"

4 (e). In Appellee's brief Mr. McQuage makes the following statement:

"Mr. Twymon, Jr., prosecuted his rights in this

4

proceeding through an attorney of record[1]"

The above statement can be shown either to mislead this Court by Appellees counsel or an attorney of record in this case is not being candor to this tribunal as further outlined below.

4(f).    In the hearing held on July 27, 2015 in the County Court at Law Number Three (3) under cause number CV-74132 of Galveston County Texas, appellee's counsel, Mr. McQuage makes the following statement to yet another tribunal:

> "We have two homestead claimants to this property". (See: Appendix "1" pg. 15; 5-6)

> If we look at the Order Probating Last Will and Testament as a Muniment of Title (CR: 38-39) we have two applicants Charles E. Twymon, Jr., and Sandra T. Kenner so what happened to Charles E. Twymon, Jr., as a party to the above case?

> Maybe the statement made by appellee's counsel as outlined below would explain Charles E. Twymon, Jr.,

---

[1] Appellant request that this Court take judicial notice of Appellee's Original Brief filed on July 15, 2015, which is hereby incorporated herein as Exhibit "2" as if fully stated herein.

rights and how they will be effected.

> "That's a totally different deal. That's not a conveyance through the administration or anything like that. That's just the two Twymon brothers giving deed to their interest to Mr. Woods." (See: Appendix "1" pg. 22; line 9-13)

4(g).    On June 15, 2015, Appellant filed his Motion for Temporary Order Staying Enforcement of the Judgment which cited Tex.R.App.P 24 which functions to preserve the status quo of the matters in litigation as they existed prior to the issuance of the order or judgment from which an appeal is taken. Citing: *Alpert v. Riley*, 274 S.W.3d 277, 297 (Tex.App.-Houston [1st Dist.] 2008, pet. denied).

4(h).    Appellant attached seven (7) exhibits to the above motion. Exhibit one (1) is a certified copy of the warranty deed that was filed with the Galveston County Clerk's office on September 25, 2012 which granted, sold and conveyed all of the property to the Appellant.

4 (i). Appellee's counsel, Mr. McQuage makes a judicial admission "[T]hat's just the two Twymon

6

brothers giving deed to their interest to Mr. Woods." (See: Appendix "1" pg. 22; line 11-13)

4(j).    The next issue that is raised by the Appellee is based on the allegation that Appellant refused to submit the complete record of the proceeding on the supersedeas bond.

4(k).    Appellee filed her response to the Motion for Review of Excessive Supersedeas Bond on June 16, 2015, raising the objection that a full copy of the transcript was not attached.

4(l).    Appellant filed his Counter-Response on June 17, 2015 and attached the full version of the transcript to comply with appellee's objection and which the Honorable Justice Jennings, acting individually, ruled on July 9, 2015.

4 (m).   Appellee's counsel has failed to make any determination of representation of Charles Twymon, Jr., because in the Application for Probate of Copy of Will as Muniment of Title, Charles Twymon, Jr., was a named executor (CR: 3) Charles Twymon, Jr., is the only person

7

best situated to resolve the ambiguity regarding the current representation of Charles Twymon, Jr., as an individual and Charles Twymon, Jr., as co/independent Executor of the Estate of Charles Twymon, Sr.

**II.**

5. Appellant request that this court exercise prudence and caution and deliberate most carefully before awarding appellee's sanctions. see: *RDI Mech., Inc. v. WPVA, L.P.*, No. 01-06-00962-CV, 2008 WL 920315, at *3 (Tex. App. Apr. 3, 2008)citing *Smith v. Marshall B. Brown, P.C.*, 51 S.W.3d 376, 381 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). After objectively reviewing the record from the viewpoint of the Appellant, Appellant has shown that he had reasonable grounds to believe the judgment could be reversed. Id. Therefore, Appellant request that this court decline to conclude that Appellant's appeal is frivolous.

Respectfully submitted,

__/S/_Douglas T. Godinich _
Douglas T. Godinich
Texas Bar No 24007244
2727 Broadway
Galveston, Texas 77550

Tel: (409) 763-2454
Fax: (409) 763-4309
Attorney for Appellant Tarris
Woods

## <u>Certificate of Service</u>

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Civil Procedure. I certify that a true copy of this Appellant's Response to Appellee's Motion for Damages was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or the attorney for such party indicated below by first class mail and or fax transmittal and or by hand delivery.

_/s/ Douglas T. Godinich
Douglas T. Godinich

**By E-Serve**
Thomas W. McQuage
P.O. Box 16894
Galveston, Texas 77552
TEL: 409-762-1104
mcquage@swbell.net

NO. 01-14-0030-CV

IN THE
FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

———————————————————————

**TARRIS WOODS**
**-***Appellant-*

VERSUS

**SANDRA T. KENNER AND CHARLES E. TWYMON, JR.**
*-Appellee-*

———————————————————————
**On Appeal from the**
**Probate Court of Galveston County**
**Trial Court Case No. PR-0075144**
**Hon. Judge Kimberly Sullivan, Presiding**

———————————————————————

**APPELLANT'S APPENDIX**

1.    Transcript of Oral Hearing in the County Court at Law…………….. Exhibit 1