**Opinion issued April 8, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00761-CV

———————————

**829 YALE HOLDINGS INC. D/B/A STEADFAST 829 YALE HOLDINGS, INC., Appellant/Cross-Appellee**

**V.**

**2017 YALE DEVELOPMENT, LLC, NICHOLAS FUGEDI, 2017 YALE DEVELOPMENT GP, LLC, D&A ALVAREZ GROUP, LLC, Appellees/Cross-Appellants**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-51432**

---

## MEMORANDUM OPINION

829 Yale Holdings Inc., doing business as Steadfast 829 Yale Holdings, Inc.

("Steadfast"), appeals from the trial court's final order of dismissal signed on

October 6, 2023.  Steadfast has not timely filed an appellant's brief. *See* TEX. R. APP. P. 38.6(a), 38.8(a).

Steadfast's brief was first due on February 2, 2024. *See* TEX. R. APP. P. 38.6(a).  Subsequently, the Court granted Steadfast four extensions of time to file a brief. *See* TEX. R. APP. P. 38.6(d).

On December 13, 2024, 2017 Yale Development, LLC filed a motion to dismiss the appeal based, in part, on Steadfast's failure to file a brief.[1]

On December 18, 2024, the Court notified Steadfast that this appeal was subject to dismissal for its failure to file an appellant's brief. *See* TEX. R. APP. P. 38.8(a)(1).  An appellee's brief has not been filed. *See* TEX. R. APP. P. 38.8(a)(3).

Steadfast did not respond to the motion to dismiss or to the Court's notice.

We dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b)–(c), 43.2(f).  We also dismiss the conditional cross-appeal of the February 7, 2020 order disqualifying a previous trial court judge.  We dismiss any other pending motions as moot.

**PER CURIAM**

---

[1] In its motion to dismiss, Yale contends that Steadfast's appeal is "frivolous for the reasons stated in the prior appeal."  It requests "cost[s] from [Steadfast's counsel] for pursuit of a frivolous appeal." *See* TEX. R. APP. P. 45; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution. *Smith*, 51 S.W.3d at 381.  We decline to impose sanctions.

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.