Opinion issued June 14, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00959-CV

———————————

Jimmy Miaoulis and Theresa Miaoulis, Appellants

V.

AmegyBank and
Prosperity Bank,
Appellees



 



 

On Appeal from the 113th District Court

Harris County, Texas



Trial Court Case No. 2011-06093

 



 

MEMORANDUM OPINION

Appellants, Jimmy Miaoulis
and Theresa Miaoulis, appeal the trial court’s grant
of the motion for summary judgment filed by appellees, AmegyBank
and Prosperity Bank, denial of their motion for summary judgment against appellees,
and grant of appellees’ motion for sanctions. 
In four issues, the Miaoulises argue the trial
court (1) erred by granting AmegyBank and Prosperity
Bank’s motion for summary judgment and denying their motion for summary
judgment and (2) abused its discretion by awarding AmegyBank
and Prosperity Bank sanctions.  In their
brief, AmegyBank and Prosperity Bank ask this Court
to award sanctions against the Miaoulises for
bringing a frivolous appeal.

We deny the motion for sanctions on appeal and affirm the
judgment of the trial court.

                                                                                                       
Background

The Miaoulises had money in two
bank accounts.  One of the accounts was
with AmegyBank, and the other was with Prosperity
Bank.  On December 14, 2009, the
Montgomery County District Attorney obtained warrants for the seizure of the
two bank accounts.  Upon being served the
warrants, AmegyBank and Prosperity Bank tendered
cashier’s checks for the full amount held in each account.  Around the same time, the Miaoulises
were charged with multiple crimes concerning operation of a gambling facility.

On January 13, 2011, the Miaoulises
filed suit against AmegyBank and Prosperity Bank,
asserting claims of breach of contract, breach of duties of good faith and fair
dealing, and breach of fiduciary duties. 
For each of these claims, the Miaoulises
claimed that AmegyBank and Prosperity Bank wrongfully
tendered the money instead of segregating the money in separate accounts.  AmegyBank and
Prosperity Bank filed a joint answer and a counterclaim for filing groundless
claims under rule 13 of the Texas Rules of Civil Procedure. 

All parties ultimately filed motions for summary judgment
on the Miaoulises’ claims.  The Miaoulises
argued that article 59.12 of the Texas Code of Criminal Procedure prohibited
the banks from simply turning over the money. 
Instead, the banks were required to transfer the money to a segregated
account until an action on the forfeiture of the money was complete.

The banks argued in their motion for summary judgment that
the plain language of article 59.12 authorized them to turn over the money and
that transferring the property to a segregated account was only elective.  They also argued that, even if the money
should have been transferred to a segregated account, the Miaoulises
could not establish any harm they have suffered as a result.  The trial court granted AmegyBank
and Prosperity Bank’s motion for summary judgment and denied the Miaoulises’ motion.

Subsequently, AmegyBank and Prosperity
Bank filed a motion for sanctions.  An
evidentiary hearing was held.  The banks
sought sanctions on the ground that (1) the plain language of article 59.12
showed they had not violated the statute, establishing that the Miaoulises’s claims were meritless; (2) the Miaoulises had made inconsistent factual assertions in
other lawsuits; (3) the Miaoulises had admitted one
ground in their lawsuit was baseless, yet subsequently continued to assert it;
and (4) the Miaoulises had engaged in discovery abuse.  The trial court granted the motion for
sanctions, supported by written findings of fact and conclusions of law.

                                                                                          
Summary Judgment

In their first, third, and fourth issues, the Miaoulises argue the trial court erred by granting summary
judgment in favor of AmegyBank and Prosperity Bank
and against them because the trial court erred in its interpretation of article
59.12 of the Code of Criminal Procedure.

A.            
Standard of Review

The summary-judgment movant must conclusively establish
its right to judgment as a matter of law.  See MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  Because summary
judgment is a question of law, we review a trial court’s summary judgment
decision de novo.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009).

To prevail on a “traditional”
summary-judgment motion asserted under rule 166a(c), a movant must prove that
there is no genuine issue regarding any material fact and that it is entitled
to judgment as a matter of law.  See Tex. R. Civ. P.
166a(c); Little v. Tex. Dep’t of Criminal Justice, 148 S.W.3d
374, 381 (Tex. 2004).  A matter is conclusively
established if reasonable people could not differ as to the conclusion to be
drawn from the evidence.  See City of Keller v.
Wilson, 168 S.W.3d 802, 816 (Tex. 2005). 

When a party moves
for summary judgment on a claim for which it bears the
burden of proof, it must show that it is entitled to prevail on each
element of its cause of action.  See Parker v. Dodge, 98 S.W.3d 297, 299
(Tex. App.—Houston [1st Dist.] 2003, no pet.). 
The party meets this burden if it produces evidence that would be
sufficient to support an instructed verdict at trial.  Id.  

A defendant
moving for traditional summary judgment must either (1) conclusively negate at
least one of the essential elements of each of the plaintiff’s causes of action
or (2) conclusively establish each essential element of an affirmative defense.
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).  If the movant meets its burden, the burden
then shifts to the nonmovant to raise a genuine issue
of material fact precluding summary judgment. See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197
(Tex. 1995).

To determine if
there is a fact issue, we review the evidence in the light most favorable to
the nonmovant, crediting favorable evidence if
reasonable jurors could do so, and disregarding contrary evidence unless
reasonable jurors could not.  See Fielding, 289 S.W.3d
at 848 (citing City of
Keller, 168 S.W.3d at 827). 
We indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  Sw. Elec. Power Co. v. Grant,
73 S.W.3d 211, 215 (Tex. 2002).

When, as here, the
parties file cross-motions for summary judgment on
overlapping issues, and the trial court grants one motion and denies the
other, we review the summary judgment evidence supporting both motions and
“render the judgment that the trial court should have rendered.”  FM Props. Operating
Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).

B.            
Analysis

On appeal, the Miaoulises argue
the trial court erred by granting summary judgment in favor of AmegyBank and Prosperity Bank and against them because the
trial court erred in its interpretation of article 59.12 of the Code of
Criminal Procedure.  This was not the
only ground that the banks presented for summary judgment, however.

An appellant must attack all independent grounds that
fully support an adverse ruling; if he fails to do so, we must affirm the trial
court’s judgment.  Britton v. Tex. Dep’t of Criminal Justice,
95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  When the grant of summary judgment rests on
several independent grounds, appellant must assign error to each independent ground
on appeal or the summary judgment will stand on any omitted ground regardless
of the merits of that ground.  Jack v. Holiday World of Houston, 262
S.W.3d 42, 49–50 (Tex. App.—Houston [1st Dist.] 2008, no pet.).   When the unchallenged independent ground
fully supports the trial court’s judgment, any error in the grounds challenged
on appeal is harmless.  Britton, 95 S.W.3d at
681.

In their petition, the Miaoulises
argued that the warrants were not served on the right person and that article
59.12 required the banks to transfer the money to a segregated account.  For both claims of wrongdoing, AmegyBank and Prosperity Bank argued in their motion for
summary judgment, “As a matter of law, based on Plaintiffs’ own admissions,
whether or not the Banks’ actions were proper, nothing the Banks did or failed
to do could have been the proximate cause of [the Miaoulises’]
injuries.”  For the claim that the wrong
person was served, the banks argued that “there is no causal relationship
between where the Banks were served and any claimed damages to Plaintiffs in
this case.  Regardless of where served,
the action the Banks took would have been the same.  Without proof of causation, Plaintiffs cannot
sustain their case.”  

For the claim that the banks were required to transfer the
money to a segregated account, the banks argue that, even if this argument were
correct,

the Banks’ failure to do so has
not been the cause of any damages to Plaintiffs as a matter of law.  Had the Banks chosen to follow the procedure
as set forth in [the subsection upon which the Miaoulises
rely], for example, the assets would have remained in the Banks, but would
still have remained frozen and unavailable to Plaintiffs until the forfeiture
actions were concluded.  Because
Plaintiffs pled guilty, and admitted that their currency at issue was
contraband, the result here is the same. 
Their money was forfeited.

In short, the banks asserted that, even if the warrants
had been served on different persons or the banks had placed the funds in
segregated accounts, the result would have been the same.  The Miaoulises
admitted in discovery that they had not been damaged by any alleged improper
service on the warrants.  Even if the
funds had been kept in the banks, the Miaoulises
would not have had any access to the funds. 
The funds were ultimately forfeited. 
Where the funds were held prior to their forfeiture could not have
harmed them.

The Banks’ arguments regarding causation and damages are
independent grounds that would fully support the trial court’s grant of summary
judgment on the Miaoulises’ claims.  See Valero Mktg. & Supply Co. v. Kalama Int’l, 51 S.W.3d 345,
351 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (identifying
“damages sustained by the plaintiff as a result of the breach” as element of
breach of contract); Finger v. Ray,
326 S.W.3d 285, 291 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (holding
“[t]o prevail on a breach of fiduciary duty claim, the plaintiff must prove
that the defendant's breach of their fiduciary duties proximately caused the
plaintiff's damages”); Aranda v. Ins. Co. of N. Am., 748 S.W.2d 210,
215 (Tex. 1988) (identifying proof of suffering damages as a result of the
breach as element in breach of duty of good faith and fair dealing).  The Miaoulises
challenged neither of them on appeal.  Because
these unchallenged grounds fully support the trial court’s judgment, we must affirm
the trial court’s judgment and hold that any error in the ground challenged on
appeal is harmless.  See Britton, 95 S.W.3d at 681.

We overrule the Miaoulises’s
first, third, and fourth issues.

                                                                                     
Trial Court’s Sanctions

In their second issue, the Miaoulises
argue that the trial court abused its discretion by awarding AmegyBank and Prosperity Bank sanctions because
interpretation of article 59.12 of the Code of Criminal Procedure was a case of
first impression.

A.            
Standard of Review

We review a trial
court’s imposition of sanctions for an abuse of discretion.  Low v. Henry, 221
S.W.3d 609, 614 (Tex. 2007).  A
trial court abuses its discretion in imposing sanctions when it acts “without
reference to any guiding rules and principles, such that its ruling was
arbitrary or unreasonable.”  Id.  We presume that pleadings are filed in
good faith, and the party seeking sanctions bears the burden of overcoming this
presumption.  Id.  In reviewing the sanctions order, we
review the entire record to determine whether the trial court abused its
discretion.  Am.
Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006).  The trial court may consider everything that
has occurred during the history of the litigation when determining how to
sanction a party.  Berry–Parks Rental Equip. Co. v. Sinsheimer,
842 S.W.2d 754, 757 (Tex. App.—Houston [1st Dist.] 1992, no writ); see also Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241 (Tex. 1985).

B.            
Analysis

AmegyBank and Prosperity Bank
sought sanctions under rules 13 and 215.2 of the Texas Rules of Civil
Procedure.  Tex. R. Civ. P.
13, 215.2(b).

Under rule 13, the signatures of attorneys or
parties “constitute a certificate by them” that they have read their pleadings,
motions, or other papers, and, to the best of their knowledge, information, and
belief formed after reasonable inquiry, “the instrument is not groundless and
brought in bad faith or groundless and brought for the purpose of
harassment.”  Tex. R. Civ. P. 13.  If
a trial court imposes sanctions under rule 13, it is authorized to “impose an
appropriate sanction” under rule 215, “upon the person who signed [the
pleading, motion, or other paper], a represented party, or both.”  Id.  Rule 215 allows a trial court to charge a
sanctioned party with court costs, litigation expenses, and “reasonable
expenses, including attorney fees.”  Tex. R. Civ. P. 215.2(b).  A pleading is “groundless” when it has “no
basis in law or fact and [is] not warranted by good faith argument for the
extension, modification, or reversal of existing law.”  Tex.
R. Civ. P. 13.  A trial court may
only impose sanctions under rule 13 for good cause, “the particulars of which
must be stated in the sanction order.”  Id. 


Rule 215.2 of the Texas Rules of Civil Procedure allows a
trial court to sanction a party for failure to comply with a discovery order or
request. See Tex. R. Civ. P. 215.2;
Cire v. Cummings, 134 S.W.3d 835, 839 (Tex. 2004).  The legitimate purposes of discovery
sanctions are (1) to secure compliance with discovery rules; (2) to deter other
litigants from similar misconduct; and (3) to punish violators.  Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992).

On appeal, the Miaoulises argue that
the trial court abused its discretion by awarding AmegyBank
and Prosperity Bank sanctions because interpretation of article 59.12 of the
Code of Criminal Procedure was a case of first impression.  The Miaoulises fail
to acknowledge, however, that interpretation of article 59.12 was only one of
many grounds for which AmegyBank and Prosperity Bank
sought sanctions.  It is also one of many
grounds upon which the trial court based its award of sanctions.  In its findings of fact, the trial court also
identified the following as grounds for sanctions: (1) representing in an
earlier case with other parties that no other parties were responsible for the
same damages sought in this case; (2) making claims in another lawsuit that
directly contradict the Miaoulises’ position in this
case; (3) admitting in requests for admissions in this case that the place or
method of service upon the banks was not the proximate cause to any damage they
suffered, while continuing to pursue this very claim before the court; and (4)
engaging in multiple instances of discovery abuse.

“When findings of fact are filed and are unchallenged . . . . [t]hey are binding on an
appellate court unless the contrary is established as a matter of law, or if
there is no evidence to support the finding.” 
McGalliard v. Kuhlmann,
722 S.W.2d 694, 696 (Tex. 1986). 
“[A]n appellate court will overrule a challenge to fact findings that
underpin a legal conclusion or disposition when other fact findings that also
support that legal conclusion or disposition go unchallenged.”  Britton,
95 S.W.3d at 682; accord Howeth Invs., Inc. v. City of
Hedwig Village, 259 S.W.3d 877, 889 (Tex. App.—Houston [1st Dist.] 2008,
pet. denied).

Because the Miaoulises have
failed to challenge the other bases for sanctions, we must overrule the
challenge they raised to one of the bases for the sanctions award.  See Britton,
95 S.W.3d at 682. 
We overrule the Miaoulises’ second issue.

                                                                                          
Sanctions on Appeal

AmegyBank and Prosperity Bank
urge this Court to impose sanctions on the Miaoulises
pursuant to rule 45 of the Texas Rules of Appellate Procedure for filing a
frivolous appeal.  See Tex. R. App. P.
45.  After considering the record,
briefs, or other papers filed in this Court, we may award a prevailing party
damages if we objectively determine that an appeal is frivolous.  Tex. R. App. P. 45; Smith v. Brown, 51 S.W.3d 376, 381 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied).  An appeal is frivolous when the record, viewed
from the perspective of the advocate, does not provide reasonable grounds for
the advocate to believe that the case could be reversed.  Smith,
51 S.W.3d at 381.  The decision to grant appellate sanctions is a
matter of discretion that an appellate court exercises with prudence and
caution and only after careful deliberation.  Id.  Although imposing sanctions is within our
discretion, we will do so only in circumstances that are truly egregious.  See id.
 After considering the record and briefs,
we do not believe the circumstances in this case warrant sanctions.  Accordingly, we overrule AmegyBank
and Prosperity Bank’s request for rule 45 sanctions.

                                                                                                          
Conclusion

We deny the motion for sanctions on appeal and affirm the
judgment of the trial court.

 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel
consists of Justices Higley, Sharp, and Huddle.