ACCEPTED
03-14-00406-CV
7511340
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/23/2015 10:35:51 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00406-CV

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/23/2015 10:35:51 AM
JEFFREY D. KYLE
Clerk

GARY PHILLIPS
*Appellant*

v.

BOO 2 YOU, LLC, GEORGE STEVEN SMITH, AND LINDA K. SMITH
*Appellees*

APPEAL FROM CAUSE NO. 12-0966-CC4
COUNTY COURT AT LAW NO. 4, WILLIAMSON COUNTY, TEXAS
HON. JOHN B. MCMASTER, PRESIDING

## APPELLEES' MOTION FOR SANCTIONS

Appellees George Steven Smith and Linda K. Smith ("the Smiths") and Boo 2 You, LLC (collectively "Appellees") file this motion asking the Court to determine that this appeal is frivolous and to award Appellees just damages. *See* TEX. R. APP. P. 45. Appellees respectfully show:

### FACTS

Appellant is Gary Phillips ("Phillips"), the Plaintiff below. CR1. He filed suit against Appellees, claiming he was partners with Appellees and was owed partnership profits. *Id.* The trial court granted summary judgment for Appellees on Phillips's claims. CR211-12. The subject of this motion is

not the summary judgment, but rather Phillips's repeated misrepresentations of the appellate record regarding the alleged "deemed admissions" he cites as evidence in his appeal. A close examination of the record, as supplemented, confirms that this is one of those rare cases that warrants sanctions from this Court.

**1. There Are No Deemed Admissions as Summary Judgment Evidence.**

Phillips filed suit against Appellees on June 27, 2012. CR7. On June 5, 2013, Phillips allegedly served Appellees with several requests for discovery, including Requests for Admissions. CR17-24. Appellees were *pro se* at the time the discovery was allegedly served and never received Phillips's discovery requests. 2SuppCR7-10. Phillips's counsel confirmed that the discovery requests were returned unopened and unserved. 2RR6.

After retaining counsel, Appellees filed a Motion to Set Aside Deemed Admissions on August 14, 2013, attaching their responses to Phillips's Requests for Admissions. 2SuppCR7-12. On May 20, 2014, immediately prior to the hearing on Appellees' First Amended Motion for Summary Judgment, the trial court heard and granted Appellees' Motion to Set Aside Deemed Admissions. RR4-9. Thus, the trial court "undeemed" the admissions before the summary-judgment hearing on Appellees' motion for

2

summary judgment and did not consider them as evidence when granting summary judgment. *Id.*

## 2. The Parties Fully Discovered the Case and Developed the Factual Record Despite the Deemed Admissions.

Nine months elapsed between Appellees' filing of their Motion to Set Aside Deemed Admissions and the trial court's ruling. 2SuppCR 7-12; RR4-9. During that time, Phillips had Appellees' written responses to his Requests for Admissions, obtained additional documents in discovery from Appellees, and took Appellees' depositions. CR114-209; 2SuppCR7-12. Although Phillips had sufficient opportunity to, and did, explore the facts of his case through discovery, he relied upon Appellees' allegedly "deemed admissions," the parties' depositions, and documents he obtained in discovery as support for his Response to Appellees' First Amended Motion for Summary Judgment. CR111-12. After the trial court set aside the deemed admissions, Phillips did not seek a continuance of the summary judgment hearing based on a need for additional discovery, argue he was prejudiced by the trial court's ruling, or ask for additional discovery at the hearing. CR110-210; RR11-36.

**3.    Appellant Misrepresents the Record and Conceals the Trial Court's Order by Failing to Bring Forward Complete Record.**

On appeal, Phillips claims that the "deemed admissions" he referenced in his response to Appellees' First Amended Motion for Summary Judgment created a fact issue warranting reversal of the trial court's summary judgment and remand for trial on the merits. App. Br., at 1-2, 6, 9, 12 (citing CR15-24). Phillips actually cites the set aside "deemed admissions" as evidence in his opening brief, while neglecting to inform this Court that the trial court granted Appellees' Motion to Set Aside Deemed Admissions prior to hearing and granting Appellees' First Amended Motion for Summary Judgment. *Id.*; RR4-9, 11-38.

In addition, Phillips requested only a partial record for his appeal, omitting Appellees' Motion to Set Aside and the reporter's record. CR215-16. Because the trial court ruled on Appellees' Motion to Set Aside Deemed Admissions from the bench, rather than entering a written order, neither the Clerk's Record nor the First Supplemental Clerk's Record Phillips requested contains the trial court's ruling on Appellees' Motion to Set Aside Deemed Admissions, and Phillips specifically omitted Appellees' Motion to Set Aside Deemed Admissions from his request to the clerk for items to include

4

in the appellate record. *See* CR215-16. 1SuppCR; RR9.[1] Nor did Phillips request that the reporter transcribe and forward to this Court its record of the hearing on Appellees' Motion to Set Aside Deemed Admissions. *See* RR38. These items only appear in the appellate record because *Appellees* requested and paid for them. *See* 2SuppCR; SuppRR.[2]

The reporter's record not only contains the court's ruling on Appellees' Motion to Set Aside Deemed Admissions, it also includes argument and evidence the trial court considered in awarding Appellees sanctions. RR24-38. Thus, the record on which Appellant relies in its appeal was incomplete because it did not allow this Court to fully review the trial court's evidentiary rulings, and the evidence and argument it considered in awarding sanctions. TEX. R. APP. P. 34.1. Accordingly, Appellees requested a supplemental clerk's record, including their Motion to Set Aside Deemed Admissions, and the reporter's record, containing the evidence and argument

---

[1] The Clerk's Record includes the Court's Orders and Events, noting that Appellees (Defendants below) filed a Motion to Set Aside Deemed Admissions on August 14, 2014. CR5. That motion was re-set for hearing by the trial court on May 20, 2014, the same day the trial court heard Appellees' First Amended Motion for Summary Judgment. CR6. After finding these notations, counsel for Appellees requested the Second Supplemental Clerk's Record, ordered the Reporter's Record, and filed a third (opposed) motion to extend time to file Appellees' brief to allow for the preparation of these records. 2SuppCR13; RR38; Appellees' Opposed Third Motion to Extend Time, filed November 6, 2014.

[2] The original Court Reporter's Certificate erroneously states that appellant paid for the reporter's record RR38. On December 30, 2014, the reporter filed an amended certificate correcting this error.

5

the trial court considered regarding Appellees' Motion to Set Aside Deemed Admissions and Appellees' request for sanctions. *See* 2SuppCR13-14; *see also* RR, generally.

4. **In His Reply, Phillips Improperly Attempts to Raise a New Point of Error and Demonstrates That His Misrepresentations Were Intentional.**

Appellees raised these issues in their response to Phillips's opening brief. In his reply, Phillips claimed, for the first time, that the trial court's ruling on Appellees' Motion to Set Aside Deemed Admissions was "invalid" and had "no effect." App. Br., at 1-3. Phillips attempted to cite authorities for his newly-minted argument and added several arguments, without citing record evidence, concerning "prejudice" resulting from the trial court's ruling. *Id.* None of these arguments were presented to the trial court or to this Court before Phillips filed his reply brief. *Compare id. with* RR, *generally, and* App. Br*., generally*.

### ARGUMENT AND AUTHORITIES

1. **Phillips Cannot Raise a New Point of Error in His Reply, and Even if He Could, It Is Wrong.**

Phillips is barred from challenging the trial court's grant of Appellees' Motion to Set Aside Deemed Admissions for the first time in his reply. TEX. R. APP. P. 38.3; *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied) (rules of appellate procedure do

not allow appellant to include in reply brief new issue not raised by its original brief). But even if he could, he is wrong: the trial court's ruling is valid, and Phillips cannot pretend that his mischaracterization of the record and evidence in his appeal were unintentional or have merit.

Trial courts have broad discretion in permitting parties to withdraw deemed admissions, particularly when the deemed admissions go to the merits of the dispute. TEX. R. CIV. P. 198.3; *Wheeler v. Green,* 157 S.W.3d 439 (Tex. 2005) (per curiam). The trial court's ruling from the bench, granting Appellees' Motion to Set Aside Deemed Admissions, was proper, regardless whether a written order was ever entered. *Nat. Cas. Co. v. Lane Exp., Inc.*, 998 S.W.2d 256, 262 (Tex. App.—Dallas 1999, pet. denied).

Further, the trial court did not need to grant Appellees additional time to answer Phillips's Requests for Admissions: Appellees attached their responses to Phillips's Requests for Admissions to their motion, so by the time the trial court granted Appellees' motion, Phillips had been in possession of Appellees' responses for more than nine months. 2SuppCR 7-12; RR4-9.

This fact is significant for two reasons. First, despite his unsupported argument to the contrary, it demonstrates there was no prejudice to Phillips. Not only did Phillips have Appellees' responses during the entire discovery

7

period, he had sufficient time to, and did, develop a factual record *in addition to* Appellees' responses. *See* CR 110-210. Phillips never argued below that he was prejudiced by the trial court's ruling, nor could he. RR 11-34. Thus, Phillips cannot now, for the first time in his reply, claim he was prejudiced by the trial court's granting of Appellees' Motion to Set Aside Deemed Admissions.

Second, record evidence that Phillips possessed Appellees' discovery responses as of August 14, 2013 reveals a pattern of misrepresenting the record. The record clearly demonstrates Phillips had Appellees' responses to his Requests for Admissions five weeks after they were due under Texas Rule of Civil Procedure 198.2(a). CR18-24; 2SuppCR7-12. And yet, even when attempting to explain his mischaracterization of the appellate record, Phillips claims that by "undeeming the admissions [the trial court] deprived Phillips of that form of discovery" and "wholly excus[ed] Appellees from having to answer admission requests at all." App. Reply, at 2. The appellate record irrefutably establishes that trial court did no such thing. Phillips was only "deprived" of Appellees' responses for five weeks because Phillips has had them since August 13, 2013.

Thus, Phillips is incorrect: the trial court could and properly did grant Appellees' Motion to Set Aside Deemed Admissions. *See* TEX. R. CIV. P.

198.3. Further, even if the trial court's actions were improper, Phillips failed to raise any issue regarding the trial court's ruling in his opening brief and is barred from raising it in his reply. TEX. R. APP. P. 38.3. Finally, even when attempting to explain his misrepresentations, Phillips again misrepresents both the record and the trial court's actions. App. Reply, at 2; 2SuppCR7-12. Phillips's repeated misrepresentations are intentional, unexcused, and sanctionable.

**2.    Appellate Sanctions Are Justified Based on Phillips's Frivolous Appeal and Misrepresentations of the Record.**

Under Rule 45, the appellate court first must determine that an appeal is frivolous before it can consider awarding just damages to any prevailing party. *Glassman v. Goodfriend*, 347 S.W.3d 772, 781-82 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). Under the plain meaning of Rule 45, this Court may award just damages if, after considering everything in its file, this court makes an objective determination that the appeal is frivolous. *See* TEX. R. APP. P. 45; *Smith v. Brown,* 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (en banc). To determine whether an appeal is objectively frivolous, the court considers the record from Appellant's counsels' viewpoint and decides whether he had reasonable grounds to believe the case could be reversed on appeal. *See Smith,* 51 S.W.3d at 381.

9

Here, Phillips only requested a portion of the appellate record, choosing to omit the reporter's record and Appellees' Motion to Set Aside Deemed Admissions. CR215-16. At common law, when a complete record of the evidence at trial has not been filed, the appellate court presumes that the omitted evidence supports the trial court's judgment. *See Enterprise Leasing v. Barrios*, 156 S.W.3d 547, 550 (Tex. 2004); *see also Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex. 1990) (applying Rule 53(d), the predecessor to Rule 34.6(c)).

Filing his appeal from the trial court's ruling, relying on deemed admissions when the trial court clearly did not (and arguing the appeals court should as well), and omitting both Appellees' Motion to Set Aside Deemed Admissions and the trial court's express ruling on the motion demonstrates that Phillips's appeal is objectively frivolous. This Court would have presumed that the unincluded portions of the record supported the trial court's granting of Appellees' First Amended Motion for Summary Judgment and award of sanctions. *Enterprise*, 156 S.W.3d at 550. Thus, there were no reasonable grounds to believe that an appellate court would reverse the trial court's judgment in the absence of a complete record, objectively considering the record from the viewpoint of the attorney representing Phillips.

Although it is not necessary for this court to consider Phillips's bad faith when determining whether to sanction him, the court may consider Phillips's bad faith when determining a sanctions amount. *Smith*, 51 S.W.3d at 381. Here, Phillips's strategic omission of portions of the appellate record afforded him the ability to deny the existence of a significant evidentiary ruling when a complete record would have conclusively disproved his argument. Moreover, by selectively omitting unfavorable rulings, Phillips could simply pretend on appeal that the "deemed admissions" were part of the evidence the trial court considered when granting Appellees' First Amended Motion for Summary Judgment. Phillips's mischaracterization of the record is particularly offensive because (1) it was his burden to put the complete record of the summary judgment evidence properly before this Court, (2) he intentionally failed to do so, and (3) he attempted to dodge the issue by making new arguments in his reply brief rather than admitting the omission's significance to his appeal.

Texas Disciplinary Rule of Professional Conduct 3.03(a)(1) states that a lawyer "shall not knowingly ... make a false statement of material fact or law to a tribunal." TEX. DISCIPLINARY R. OF PROF'L CONDUCT 3.03(a)(1), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005)

(TEX. STATE BAR R. art. X., § 9). Additionally, the Standards for Appellate Conduct provide:

> As professionals and advocates, counsel assist the Court in the administration of justice at the appellate level. Through briefs and oral submissions, counsel provide a fair and accurate understanding of the facts and law applicable to their case.... 3. Counsel should not misrepresent, mischaracterize, misquote, or miscite the factual record or legal authorities.

*Twist v. McAllen Nat'l Bank*, 248 S.W. 3d 351, 365 (Tex. App.—Corpus Christi-Edinburg 2007 (orig. proceeding [mand. denied]) (citing Texas Supreme Court, Standards for Appellate Conduct, available at http://www.txcourts.gov/media/514719/standards-for-appellate-conduct.pdf) *see also In re Hasbro, Inc.*, 97 S.W.3d 894, 897 n.2 (Tex. App.—Dallas 2003, orig. proceeding).

Phillips violated these standards and worse by not only claiming that his evidence—the allegedly deemed admissions—were evidence that this Court should consider on appeal, but also by deliberately requesting an incomplete appellate record, omitting Appellees' Motion to Set Aside Deemed Admissions, their Responses to Appellant's Requests for Admissions, and the trial court's ruling undeeming the admissions. Phillips's actions, under these circumstances, demonstrate improper motivation and purpose—in short, bad faith.

Under these facts, the Court may appropriately exercise its discretion to award just damages to the prevailing party. In making this determination, the Court should consider the circumstances revealed by the record, briefs, and other papers filed in this Court, and weigh factors that include the following: the failure to present a complete record, the failure to file a response to a request for appellate sanctions, and the filing of an inadequate appellate brief. *Tate v. E.I DuPont de Nemours & Co., Inc.*, 954 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Several factors are present here.

Appellees have already addressed Phillips's failure to request a complete record. But in addition to failing to request the record, Phillips mischaracterized and omitted a critical evidentiary ruling that impacted the evidence the trial court considered, and that this Court can consider, in this appeal.

Phillips bears the burden of negating all possible grounds for the trial court's ruling. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *Humane Soc'y of Dallas v. Dallas Morning News L.P.*, 180 S.W.3d 921, 923 (Tex. App.—Dallas 2005, no pet.) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)); *see also Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex.

2004) ("The reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious."); *see Pisharodi v. Six,* No. 13-07-019-CV, 2008 WL 3521330, at *3 (Tex. App.—Corpus Christi Aug. 7, 2008, no pet.) (mem. op.). By omitting the trial court's ruling on the motion to set aside the deemed admissions, by attempting to include the deemed admissions as part of the appellate evidentiary record, by failing to address the trial court's ruling setting aside the deemed admissions in his opening briefs, and (when caught) by fashioning a pretextual and legally incorrect excuse for his lack of candor, Phillips failed to meet that burden. Thus, not only was the record incomplete, so were Phillips's briefs.

The evidence that Appellees submitted, along with the undeemed admissions, was more than sufficient to obtain summary judgment on Phillips's claims—a premise Phillips's failure to apprise the Court of the true state of the record implicitly concedes.

As reflected in the attached Affidavit of D. Todd Smith, Appellees have incurred and paid $20,491.79 in attorney fees and expenses defending this appeal, including the filing of their brief, preparation of this motion, and dealing with supplementation of the record. *See* Exhibit A; *see also* 2SuppCR15; SuppRR38. That amount represents just damages to Appellants for having to deal with Phillips's frivolous appeal. *See Hunt v. CIT*

14

*Grp./Consumer Fin., Inc.*, No. 03-09-00046-CV, 2010 WL 1508082, at *9 (Tex. App.—Austin Apr. 15, 2010) (mem. op.) (noting that "[c]ourts awarding sanctions for a frivolous appeal under rule 45 typically award attorney's fees for the appeal" and that "[p]roof by affidavit is a proper method of establishing the appropriate sanction for the filing of a frivolous appeal").

## CONCLUSION AND PRAYER

Appellant, Gary Phillips, and his counsel misrepresented the record and the proceedings below, and filed an objectively meritless appeal. The full record, obtained by Appellees, and the parties' briefs on appeal demonstrate both Appellant's misrepresentation of the trial court proceedings, the evidence considered by the trial court, the evidence on appeal, and the vexatiousness of the litigation. For all of the reasons set forth above, Appellees respectfully request that this Court award appellate sanctions in the amount of $20,491.79 for the costs and fees Appellees have incurred defending themselves on appeal and presenting this motion to the Court. Appellees request all other appropriate relief to which they are entitled.

Respectfully submitted,

SMITH LAW GROUP LLLP
1250 Capital of Texas Highway South
Three Cielo Center, Suite 601
Austin, Texas 78746
(512) 439-3230
(512) 439-3232 (fax)


*/s/D. Todd Smith*
D. Todd Smith
State Bar No. 00797451
todd@appealsplus.com
Laura P. Haley
State Bar No. 24012766
laura@appealsplus.com

*Appellate Counsel for Appellees*

## CERTIFICATE OF CONFERENCE

I certify that, on October 22, 2015, I placed a telephone call to Appellant's counsel, Bill Malone, in an attempt to confer about the merits of this motion. I did not reach Mr. Malone, but left him a detailed message. I did not receive a return call before submitting this motion to the Court.


*/s/ D. Todd Smith*
D. Todd Smith

16

## CERTIFICATE OF SERVICE

On October 23, 2015, in compliance with Texas Rule of Appellate Procedure 9.5, I served this document by e-service, e-mail, facsimile, or mail to:

Bill Malone
LAW OFFICES OF BILL MALONE, JR.
8650 Spicewood Springs, #145-598
Austin, Texas 78739

*Lead Appellate Counsel for Appellant*
*Gary Philips*

*/s/ D. Todd Smith*
D. Todd Smith

| STATE OF TEXAS | § |
| --- | --- |
| | § |
| COUNTY OF TRAVIS | § |

## **<u>AFFIDAVIT OF D. TODD SMITH</u>**

BEFORE ME, the undersigned notary, personally appeared D. Todd Smith, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

"My name is D. Todd Smith. I am over the age of eighteen, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

1.      I am an attorney licensed to practice in the State of Texas, having been admitted on November 1, 1996. I am the founder and managing partner of Smith Law Group LLLP, formerly known as Smith Law Group, P.C. ("SLG"), the firm in which I currently practice law.

2.      My entire career as a lawyer has been devoted to civil trial and appellate litigation. I have litigated cases in state and federal courts in locations throughout Texas and in various other state and federal jurisdictions. I have also litigated a number of matters before the American Arbitration Association and other privately appointed arbitrators.

3.      I became a briefing attorney to Texas Supreme Court Justice Raul A. Gonzalez upon graduating from St. Mary's University School of Law. After completing my term at the Supreme Court, I joined the Dallas office of Fulbright & Jaworski L.L.P., where I was a member of the litigation and appellate practice groups. I later transferred to Fulbright's Austin office, where I practiced until 2006, when I left to start my own firm focusing on civil appellate matters. I have been board-certified in Civil Appellate Law by the Texas Board of Legal Specialization since December 2005.

4.      I have held several leadership positions in various state and local bar associations over the years. Among other things, I am a former member of the State Bar Appellate Section Council and have chaired the Austin Bar Association's

Exhibit A

Civil Appellate Law Section. I am also a frequent writer and speaker on a variety of legal-related topics.

5.     I have nearly 18 years experience as a civil litigator in private practice. During that time, I have handled cases in a variety of subject areas. I am familiar with the reasonable, necessary, and customary fees charged by attorneys practicing in Texas and in Travis and Williamson Counties for handling appeals, complex civil litigation, and related matters. Indeed, I have testified as an expert witness on appellate attorney fees.

6.     Since September 11, 2014, SLG has provided professional legal services to Boo 2 You, LLC, George Steven Smith, and Linda K. Smith in connection with Gary Phillips's appeal from the final summary judgment signed in Cause No. 12-0966-CC4 in the County at Law Number Four of Williamson County, Texas, which is docketed in the Third Court of Appeals as No. 03-14-00406-CV. Over that time, SLG has generated six billing statements, two of which primarily involved collection efforts and are not at issue. The last four, Invoice Nos. 1202, 1248, 1294, and 1314, are attached to this affidavit and incorporated by reference. All of these invoices have been paid in full.

7.     I am the custodian of the records of my law practice relating to the invoicing of professional services SLG performs. Each of the invoices identified in the foregoing paragraph are printouts of the computer time records documenting the time SLG has spent performing work in this matter. All of the time indicated in these documents was actually expended on the topics stated in the printouts. These records were kept in the regular course of SLG's law practice, and it was the regular course of business of SLG's law practice for an SLG employee or representative with knowledge of the act, event, condition, or opinion is recorded, to make the record or to transmit information thereof to be included in such record. The record was made at or near the time reflected thereon or reasonably soon thereafter. The invoices are the originals or an exact duplicate of the originals.

8.     The services reflected in Invoice Nos. 1202, 1248, 1294, and 1314 were necessary to defend against Phillips's appeal on behalf of Boo 2 You, LLC, George Steven Smith, and Linda K. Smith and to prosecute Appellee's Motion for Sanctions. The narratives accompanying SLG's time entries itemize specific tasks and the time required for those tasks.

9.     The hourly rates charged for the work listed are reasonable given the qualifications of SLG lawyers and paralegals, their level of experience, the amount and complexity of the work involved, the hourly rates other lawyers charge in this

2

geographic area, and SLG's relationship with the clients, which did not exist before September 11, 2014.

10.    The time spent on the tasks necessary to the representation was likewise reasonable. SLG was not involved at the trial-court level and therefore had to acquaint itself with the facts and legal issues sufficiently to represent its clients' interests. All time allocated to all tasks was necessary to adequately respond to and defend against Phillips's appeal, which seeks to reverse a summary judgment on Phillips's claims for breach of contract, breach of fiduciary duty, and unjust enrichment and an order that Phillips pay $10,000 in sanctions for filing a frivolous lawsuit.

11.    The expenses reflected on these invoices were actually incurred, were necessary to the representation, and were reasonable.

12.    Based on the invoices referenced in Paragraph 6, Boo 2 You, LLC, George Steven Smith, and Linda K. Smith have incurred appellate attorney fees and costs totaling $20,491.79 to defend the trial court's judgment and bring their motion for sanctions. These fees are consistent with what is customarily charged in this area for the same or similar services for attorneys with my experience, reputation, and ability, considering the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal service properly, and the nature and length of SLG's relationship with these clients."

Further, Affiant sayeth naught.

_____
D. Todd Smith, Affiant

SWORN TO AND SUBSCRIBED BEFORE ME by D. Todd Smith on October 22, 2015.

KENNETH E. DAVISON
MY COMMISSION EXPIRES
December 5, 2016

_____
Notary Public in and for the State of Texas

3



Appeals✚    The Right Addition to Your Trial Team

1250 S Capital of Texas Hwy, Suite 3-601
Austin, TX 78746
Phone: (512) 439-3230
www.appealsplus.com

# INVOICE

Invoice # 1202
Date: 12/04/2014
Due Upon Receipt

George Steven Smith
Boo 2 You
1904 Oak Hollow Drive
Round Rock, Texas 78681

## Account Summary

| | Outstanding Balance | | New Charges | | Payments Received | | Amount Currently Due |
|---|---|---|---|---|---|---|---|
| ( | $0.00 | + | $15,916.79 | ) - ( | $15,916.79 | ) = | $0.00 |

## 14-0023 Boo 2 You

## Summary Judgment/Appeal

### Services

| Type | Date | Attorney | Description | Quantity | Rate | Total |
|------|------|----------|-------------|----------|------|-------|
| Service | 11/03/2014 | LPH | Review record for drafting brief. | 2.30 | $250.00 | $575.00 |
| Service | 11/04/2014 | LPH | Finish reviewing record to draft brief; review supplemental record regarding bond. | 4.20 | $250.00 | $1,050.00 |
| Service | 11/05/2014 | DTS | Analyze potential effect ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ may have on appeal; consider possible actions in ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇; confer with L. Haley concerning same. | 0.50 | $375.00 | $187.50 |
| Service | 11/05/2014 | LPH | Begin drafting, researching brief; call B. Malone and county court clerk to verify bond deposit; call T. Pitts regarding order on undeeming admissions; call/email court reporter re: record of summary judgment hearing and motion to undeem admissions. | 7.50 | $250.00 | $1,875.00 |
| Service | 11/06/2014 | LPH | Continue researching and drafting appellees' brief, correspond with trial court reporter re: transcript for hearing on | 4.80 | $250.00 | $1,200.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | undeeming admissions; draft 3d motion to extend time to allow for filing of transcript and supplemental clerk's record; correspond with opposing counsel re: opposition to extension. | | | |
| Service | 11/10/2014 | LPH | Continue drafting appellee brief | 1.00 | $250.00 | $250.00 |
| Service | 11/11/2014 | LPH | Continue drafting and researching appellees' brief. | 2.10 | $250.00 | $525.00 |
| Service | 11/12/2014 | LPH | Continue drafting and researching appellees' brief | 5.20 | $250.00 | $1,300.00 |
| Service | 11/17/2014 | LPH | Drafting appellees' brief. | 5.30 | $250.00 | $1,325.00 |
| Service | 11/20/2014 | LPH | Continue researching and drafting brief regarding factors courts consider for partnership; add citations to clerk's record. | 2.40 | $250.00 | $600.00 |
| Service | 11/21/2014 | LPH | Review reporter's record; draft sections of brief regarding appellant's misrepresentation to the court and undeemed admissions. | 5.20 | $250.00 | $1,300.00 |
| Service | 11/22/2014 | LPH | Continue drafting breach and researching cases regarding partnership factors. | 4.60 | $250.00 | $1,150.00 |
| Service | 11/23/2014 | LPH | Continue drafting and researching brief; complete sections regarding additional claims filed by Appellant, summary of argument, issues presented. | 7.30 | $250.00 | $1,825.00 |
| Service | 11/24/2014 | DTS | Review and revise final draft of Appellees' Brief. | 1.20 | $375.00 | $450.00 |
| Service | 11/24/2014 | LPH | Finalize argument regarding partnership and other causes of action; draft fact section and sanctions section; finalize brief; forward to paralegal and DTS for review and comment; review comments and make final revisions; file. | 6.50 | $250.00 | $1,625.00 |
| Service | 11/24/2014 | PM | Review Table of Contents and confirm correct page cites to all headers; Review all cites to authorities and confirm cites were all properly coded for inclusion in Table of Authorities; | 0.60 | $100.00 | $60.00 |
| Service | 11/24/2014 | PM | Review email correspondence from L. Haley forwarding draft Appellee's Brief; Begin reformatting the cover page and page numbers; Begin review of outline form, revise and reformat outline styles contained in same for the Table of Contents; Generate the Table of Contents; Review and cite check the authorities referenced in same, review in Westlaw to | 2.40 | $100.00 | $240.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | check cites as needed; Review and mark citations within the document; Make additional revisions to the Table of Contents; Generate Index of Authorities; Prepare email correspondence to L. Haley forwarding final draft for review; | | | |
| Service | 11/24/2014 | PM | Review email correspondence from L. Haley forwarding red-line draft of Appellee's Brief; Review and accept changes made in same; Generate new Table of Contents; Revise and update Index of Authorities; Convert same to PDF; Email L. Haley re log-in information for FileTime; Insert bookmarks into same; Hyperlink Table of Contents; Prepare email correspondence to L. Haley forwarding copy of final brief to be filed; | 0.90 | $100.00 | $90.00 |
| Service | 11/24/2014 | PM | Review email correspondence from L. Haley re filing it under T. Smith; Review follow-up email from L. Haley and revise same; Review on FileTime and file Appellees' Brief, set up case, e-Serve same; | 0.30 | $100.00 | $30.00 |

**Services Subtotal**     **$15,657.50**

## Expenses

| Type | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Expense | 11/06/2014 | FedEx: Fee delivered to Court Reporter | 1.00 | $12.43 | $12.43 |
| Expense | 11/06/2014 | Reporter Fee: Reporter's Record [check 1922] | 1.00 | $210.00 | $210.00 |
| Expense | 11/06/2014 | ProDoc: eFiling Third Motion for Extension to File Appellees' Brief | 1.00 | $13.63 | $13.63 |
| Expense | 11/07/2014 | County Clerk fee for Supplement to Clerk's Record | 1.00 | $10.22 | $10.22 |
| Expense | 11/07/2014 | ProDoc: eFiling Letter to Williamson County Court re Supplement to Reporter's Record | 1.00 | $5.40 | $5.40 |
| Expense | 11/07/2014 | ProDoc: eFiling Letter to Williamson County Court re Supplement to Clerk's Record | 1.00 | $5.40 | $5.40 |
| Expense | 11/24/2014 | ProDoc: eFiling Appellee's Brief | 1.00 | $2.21 | $2.21 |

**Expenses Subtotal**     **$259.29**

| Time Keeper | Position | Quantity | Rate | Total |
|---|---|---|---|---|
| Laura Haley | Attorney | 58.4 | $250.00 | $14,600.00 |

| D. Todd Smith | Attorney | 1.7 | $375.00 | $637.50 |
| Patricia Muniz | Non-Attorney | 4.2 | $100.00 | $420.00 |
| | | | **Subtotal** | **$15,916.79** |
| | | | **Total** | **$15,916.79** |
| | | | **Payment (12/04/2014)** | **-$7,406.90** |
| | | | **Payment (01/02/2015)** | **-$8,509.89** |
| | | | **Balance Owing** | **$0.00** |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
| --- | --- | --- | --- | --- |
| 1202 | 12/04/2014 | $15,916.79 | $15,916.79 | $0.00 |

| Account | Balance |
| --- | --- |
| Trust Account Balance | $0.00 |
| **Total Account Balance** | **$0.00** |

Please make all checks payable to: Smith Law Group, P.C., Tax ID No. 27-0663606.

Payment is due upon receipt.

Visit https://payments.lawpay.com/bpl/lp2162392 to pay this invoice online via credit card.



Appeals✚   The Right Addition to Your Trial Team

1250 S Capital of Texas Hwy, Suite 3-601
Austin, TX 78746
Phone: (512) 439-3230
www.appealsplus.com

# INVOICE

Invoice # 1248
Date: 01/07/2015
Due Upon Receipt

George Steven Smith
Boo 2 You
1904 Oak Hollow Drive
Round Rock, Texas 78681

## Account Summary

| Outstanding Balance | | New Charges | | Payments Received | | **Amount Currently Due** |
|---|---|---|---|---|---|---|
| ( $0.00 | + | $862.50 | ) - ( | $862.50 | ) = | **$0.00** |

## 14-0023 Boo 2 You

## Summary Judgment/Appeal

| Type | Date | Attorney | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|---|
| Service | 12/15/2014 | DTS | Receive and review appellant's reply brief; consider prospects for sanctions. | 0.30 | $375.00 | $112.50 |
| Service | 12/17/2014 | DTS | Review authorities supporting sanctions for frivolous appeals. | 1.20 | $375.00 | $450.00 |
| Service | 12/19/2014 | DTS | NO CHARGE: Forward copy of appellant's reply brief to client; email exchange with client concerning possible sanctions motion. | 0.20 | $0.00 | $0.00 |
| Service | 12/22/2014 | DTS | NO CHARGE: Exchange emails with client regarding authority to seek sanctions for frivolous appeal; receive client's instructions to pursue same. | 0.20 | $0.00 | $0.00 |
| Service | 12/27/2014 | DTS | NO CHARGE: Additional email exchange with client regarding sanctions motion and further handling. | 0.20 | $0.00 | $0.00 |
| Service | 12/31/2014 | LPH | Begin draft of motion for sanctions. | 1.20 | $250.00 | $300.00 |

| Time Keeper | Position | Quantity | Rate | Total |
|---|---|---|---|---|

| Laura Haley | Attorney | 1.2 | $250.00 | $300.00 |
|---|---|---|---|---|
| D. Todd Smith | Attorney | 1.5 | $375.00 | $562.50 |
| D. Todd Smith | Attorney | 0.6 | $0.00 | $0.00 |
| | | | **Subtotal** | **$862.50** |
| | | | **Total** | **$862.50** |
| | | | **Payment (04/02/2015)** | **-$862.50** |
| | | | **Balance Owing** | **$0.00** |

# Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 1248 | 01/07/2015 | $862.50 | $862.50 | $0.00 |

| Account | Balance |
|---|---|
| Trust Account Balance | $0.00 |
| **Total Account Balance** | **$0.00** |

Please make all checks payable to: Smith Law Group, P.C., Tax ID No. 27-0663606.

Payment is due upon receipt.

Visit https://secure.lawpay.com/pages/smithlawgrouppc/trust to pay this invoice online via credit card.



## Appeals+ The Right Addition to Your Trial Team

1250 S Capital of Texas Hwy, Suite 3-601
Austin, TX 78746
Phone: (512) 439-3230
www.appealsplus.com

# INVOICE

Invoice # 1294
Date: 03/11/2015
Due Upon Receipt

George Steven Smith
Boo 2 You
1904 Oak Hollow Drive
Round Rock, Texas 78681

## Account Summary

| | Outstanding Balance | | New Charges | | Payments Received | | Amount Currently Due |
|---|---|---|---|---|---|---|---|
| ( | $0.00 | + | $1,000.00 | ) - ( | $1,000.00 | ) = | **$0.00** |

## 14-0023 Boo 2 You

## Summary Judgment/Appeal

| Type | Date | Attorney | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|---|
| Service | 02/24/2015 | LPH | Continue drafting motion for sanctions; research re: deemed admissions. | 1.70 | $250.00 | $425.00 |
| Service | 02/25/2015 | LPH | Continue drafting sanctions motion; review record for additional information re: service of admissions, length of discovery period, and discovery of facts. | 2.30 | $250.00 | $575.00 |

| Time Keeper | Position | Quantity | Rate | Total |
|---|---|---|---|---|
| Laura Haley | Attorney | 4.0 | $250.00 | $1,000.00 |

| | | |
|---|---|---|
| | **Subtotal** | **$1,000.00** |
| | **Total** | **$1,000.00** |
| | **Payment (04/02/2015)** | **-$1,000.00** |
| | **Balance Owing** | **$0.00** |

# Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 1294 | 03/11/2015 | $1,000.00 | $1,000.00 | $0.00 |

| Account | Balance |
|---|---|
| Trust Account Balance | $0.00 |
| **Total Account Balance** | **$0.00** |

Please make all checks payable to: Smith Law Group, P.C., Tax ID No. 27-0663606.

Payment is due upon receipt.

Visit https://secure.lawpay.com/pages/smithlawgrouppc/trust to pay this invoice online via credit card.

 

# INVOICE

Invoice # 1314
Date: 04/15/2015
Due Upon Receipt

1250 S Capital of Texas Hwy, Suite 3-601
Austin, TX 78746
Phone: (512) 439-3230
www.appealsplus.com

George Steven Smith
Boo 2 You
1904 Oak Hollow Drive
Round Rock, Texas 78681

## Account Summary

| | Outstanding Balance | | New Charges | | Payments Received | | **Amount Currently Due** |
|---|---|---|---|---|---|---|---|
| ( | $0.00 | + | $2,712.50 | ) - ( | $2,712.50 | ) = | **$0.00** |

## 14-0023 Boo 2 You

## Summary Judgment/Appeal

| Type | Date | Attorney | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|---|
| Service | 03/18/2015 | LPH | Draft motion for sanctions. | 3.00 | $250.00 | $750.00 |
| Service | 03/19/2015 | LPH | Finalize motion for sanctions; forward to DTS for review. | 2.00 | $250.00 | $500.00 |
| Service | 04/15/2015 | DTS | Review and revise motion for sanctions; research proper method for proving up sanctions on appeal; prepare affidavit in support of sanctions request; email to clients concerning these issues. | 3.50 | $375.00 | $1,312.50 |
| Service | 04/15/2015 | LPH | Review DTS revisions to sanctions motion; revise motion; forward to DTS. | 0.60 | $250.00 | $150.00 |

| Time Keeper | Quantity | Rate | Total |
|---|---|---|---|
| Laura Haley | 5.6 | $250.00 | $1,400.00 |
| D. Todd Smith | 3.5 | $375.00 | $1,312.50 |
| | | **Subtotal** | **$2,712.50** |
| | | **Total** | **$2,712.50** |

**Payment (10/09/2015)**     -$2,712.50

**Balance Owing**     $0.00

| Account | Balance |
|---|---|
| Trust Account Balance | $0.00 |
| **Total Account Balance** | **$0.00** |

Please make all amounts payable to: Smith Law Group LLLP

Payment is due upon receipt.